### Ed. H. Cunningham et al. v. Henry P. Neal.

#### No. 1779.  Decided February 12, 1908.

**1.—Master and Servant—Railroad—Fellow Servant.**

A private corporation operating sugar mills, refineries etc., and owning tracks upon its premises connecting with public railway lines and upon which, by a hired locomotive, cars were transferred to and from such railways and moved as its business required, was "operating a railroad" in so doing, within the terms of article 4560ea, of the Revised Statutes, and was liable, under such statute for injury to one of its servants by the negligence of a fellow servant in such operation of cars.  (P. 340.)

**2.—Same—Cases Approved.**

The operation of a railroad need not be in the business of a public carrier in order to come within the fellow servants act of 1897 (Rev. Stats., arts. 4560f, 4560ea).  A private corporation using cars and tracks in its own business comes under its terms.  Lodwick Lumber Co. v. Taylor, 87 S. W. Rep., 358 and Lodwick Lumber Co. v. Mounce, 102 S. W. Rep., 152, approved.  (P. 341.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from Fort Bend County.

*C. R. Wharton* and *Jno. G. Logue,* for appellants.—Under the undisputed evidence, Cunningham & Co. was not a corporation organized for the purpose of operating a railroad, but was organized for the purpose of manufacturing sugar from cane, hence, as a matter of law, it was not a railroad within the meaning of the fellow-servant statute acts of 1897, 4560f, and Neal and his co-employes, of whose negligence he complains, were fellow-servants of each other, under the common law rule. Massachusetts L. & T. Ry. v. Hamilton, 11 Am. & En. Ry. Cases (N. S.), 774; Funk v. St. Paul City Ry., 63 Northwestern, 1099; Wade v. Lutcher & Moore, 74 Fed. Rep., 519; Riley v. Galveston City Railway Co., 13 Texas Civ. App., 247; Swansea Improvement Co. v. Swansea Urban S. A., 1 Q. B., 357 (1892); Whatley v. Zenida Coal Co., 26 Southern, 124, Alabama; Beeson v. Busenbark, 25 Pacific, 48, Kansas.

*John Lovejoy, W. G. Love, R. J. Channell, Wm. Masterson* and *J. W. Parker,* for appellee.—Ed. H. Cunningham & Co. owned and maintained several miles of standard gauge railway lines, consisting of numerous switches and spur tracks in the yards and grounds of said company, over which tracks it constantly operated, by its own crew of trainmen, a standard gauge locomotive engine in transporting loaded and empty railway cars, and was, therefore, as a matter of fact, operating a railroad within the contemplation of the fellow-servant act of 1897.  Lodwick Lumber

Co. v. Taylor, 87 S. W. Rep., 358; Texas & Pac. Ry. Co. v. Webb, 31 Texas Civ. App., 498; Missouri, K. & T. Ry. Co. v. Smith, 17 Texas Ct. Rep., 843; Seery v. Gulf, C. & S. F. R. Co., 34 Texas Civ. App., 89; Perez v. San Antonio & A. P. R. Co., 28 Texas Civ. App., 255; Murphy v. Board of Chosen Freeholders, 31 Atl. Rep., 231.

MR. JUSTICE BROWN delivered the opinion of the court.

Certified question from the Court of Civil Appeals of the First District, as follows:

"This cause is pending before us on appeal. Appellee Neal sued Ed H. Cunningham & Co., a private corporation, and the receiver of i's property, for damages for personal injuries sustained by him while in the employment of said receiver, and recovered a judgment. The proof shows that at the time of Neal's injury Ed H. Cunningham & Co., was a private corporation which owned and operated sugar mills and refineries and a paper mill, and was also engaged in farming; that it was not incorporated as a railway company. The grounds occupied by the refinery, building, mills and warehouses at Sugarland, where it conducted its business, occupied about eight or nine acres of ground, and over and through these grounds there were numerous tracks, side-tracks and spur tracks of standard gauge railroad which were built by, and at the time of the plaintiff's injury and at the time of the trial, owned by Ed H. Cunningham & Co. and its successors; that a locomotive engine was rented from the Sugarland Railroad Company by Ed H. Cunningham & Co. and was used in said yards on said tracks for the purpose of switching cars and transferring the same to and from the sidings of the Sugarland Railroad Company and the Galveston, Harrisburg and San Antonio Railroad Company to and from the refineries and warehouses of the Ed H. Cunningham & Co. That the appellee was one of a crew who operated the engine and cars in said switch yard and he and the others of the crew were employed and paid by Ed H. Cunningham & Co. and all the cars delivered to said company by the Galveston, Harrisburg and San Antonio Railroad or the Sugarland Railroad were handled upon the yards of the Cunningham Company by the said engine and crew.

"There was no testimony to show that Ed H. Cunningham & Co. was a common carrier, but it was shown that the said tracks were built and said engine used by it to expedite its private business only.

"The appellee alleged in his petition, and the evidence is sufficient to prove, that his injuries for which he recovered damages were the result of the negligence of the other members of the switching crew, his fellow servants, engaged with him in the switching and moving of cars in said yards over the tracks of railroad belonging to Ed H. Cunningham & Co.

"Appellants, in their answer, pleaded that they were not liable for the damages claimed by appellee in his petition, for that appellee's said co-employes were his fellow servants; and that ap-

pellant was not liable for their negligent acts resulting in injuries to appellee.

"Under these facts we respectfully certify for your decision:

"Did the tracks, side-tracks and spur-tracks of standard gauge railroad so owned and operated by Ed H. Cunningham & Co., constitute a railroad within the contemplation of the fellow servants act of 1897, Revised Statutes, article 4560f?

"Because we are not inclined to follow the case of Lodwick Lumber Co. v. Taylor, 87 S. W. Rep., 358, decided by the Court of Civil Appeals of the Fourth District, we deem it wise to certify the foregoing question for your decision."

To the question propounded we answer, the facts stated bring the railroad within the terms of the following article of the Revised Statutes:

"Art. 4560ea. Every person, receiver or corporation operating a railroad or street railway the line of which shall be situated in whole or in part in this State, shall be liable for all damages sustained by any servant or employe thereof while engaged in the work of operating the cars, locomotives or trains of such person, receiver, or corporation, by reason of the negligence of any other servant or employe of such person, receiver, or corporation, and the fact that such servants or employes were fellow-servants with each other shall not impair or destroy such liability."

The facts show that there was no difference in the character of this road, nor in the manner of its construction, equipment or operation, from that of the connecting roads, except the extent of the business done upon it, and that it was operated by a private corporation. The statute does not prescribe that the corporation which operates the railroad shall be organized for that purpose, neither does it require that the operation of the railroad shall be for the purpose of carrying freight and passengers for the public in order to subject the operator to the liabilities prescribed by the statute. But appellant insists that we should construe the term, "railroad," to mean a public carrier, therefore, the corporation operating a private railroad would not come within the terms of the statute. We can see no reason why the effect of the statute should be limited by such narrow interpretation. The Legislature has used language broad enough to include any railroad, whether it be a public carrier or a private concern. We see nothing indicating that this statute was enacted in the interest of the public, or to secure better public service, for we can not understand how the security of the employes or the liability of the operators of the railroad for injuries inflicted upon one of them by a fellow-servant would in any manner facilitate or retard the operation of the road as a common carrier. There being nothing in the law nor in the concurrent legislation to indicate such intention in its enactment, why should the law be limited to common carriers?

The Legislature of Texas has by successive acts broken away from the old rule of exemption of the master for the negligence of the fellow-servants in order to meet new phases of service, and, in this line, the article of the statute in question was enacted to

meet and provide for the extra hazards attending the operation of machinery upon railroad tracks and to give better protection to those who were in such service by making the master or persons operating the road liable for the negligence of the persons employed in the handling and management of its machinery thereby stimulating the operators of such railroad to bestow more care upon the selection and retention of servants thus employed. The same dangers attended the operation of the machinery upon the private road of Cunningham & Co., as would have attended the operation of the same machinery upon the track of the common carrier. Therefore, the injury here complained of is embraced within the letter and spirit of the statute above quoted. (Bammell v. Kirby, 19 Texas Civ. App., 198; Lodwick Lumber Co. v. Taylor, 87 S. W. Rep., 358; Mounce v. Lodwick Lumber Co., 91 S. W. Rep., 240; Lodwick Lumber Co. v. Mounce, 102 S. W. Rep., 142.)

The question is directly decided in the case of Lodwick Lumber Co. v. Taylor, above cited, but that case did not reach this court. In Mounce v. Lodwick Lumber Co., above cited, the Court of Civil Appeals of the Fifth District held that a logging road which was operated by a private company was liable for injuries inflicted by the negligence of a fellow-servant in the operation of machinery upon the road. In that case the judgment was reversed and the cause remanded, but upon a subsequent trial judgment was rendered in favor of Mounce, and an appeal was taken to the Court of Civil Appeals of the Fifth District which affirmed the judgment; but in the opinion nothing was said with regard to the question here under consideration. However, the lumber company applied to this court for a writ of error, and one of the grounds upon which the application was based was that it was not liable because it was a private road. This court refused the application for a writ of error thereby affirming the decision of the Court of Civil Appeals upon the first appeal to that court.

We have carefully examined the briefs and argument of counsel and we see no just ground upon which this court would be authorized to place such a limitation upon the terms of the statute enacted by the Legislature as would deny protection to the employes upon a private railroad when the dangers are the same as if it had been of a public nature. Taking the whole statute together, construing it in the light of the legislation which preceded and attended the passage of this section, we are clearly of the opinion that the Legislature intended, by the use of the general language, to embrace all railroads, whether common carriers or private carriers, which, in their equipment and construction, come within the terms of the law.