RECEIVERS OF KIRBY LUMBER COMPANY v. WILLIAM LLOYD.

No. 1987. Decided February 9, 1910.

**Venue—Railway—Lumber Company—Receivers.**

A lumber company owning and operating by authority of its charter, and as an incident to the operation of its saw mills, etc., a tram railway, four miles long and run with locomotive engines and cars, was not strictly a "railroad corporation" within the meaning of the statute fixing the venue in actions against such latter companies (Act of March, 1901, Laws 17th Leg., p. 31); but receivers operating its property under orders of the court are "receivers operating a railroad in the State;" they come within the literal terms of the Act, and suit against them by an employee injured in such operation of trains may be brought in the county where the injury was received or that in which plaintiff resides; it need not be in the county of the company's principal office.

Questions certified from the Court of Civil Appeals for the First Supreme Judicial District in an appeal from Sabine County.

*Baker, Botts, Parker & Garwood,* and *Andrews, Ball & Streetman,* for appellants.—Under the Revised Statutes of the State of Texas, the venue of this action was in Harris County, Texas, where the principal office of the Kirby Lumber Company was located. Sayles' Rev. Stats., art. 1484, Act of 1887; 4 Fed. St. Ann., 397, Act of 1888; 8 Gammell's Early Laws, pp. 33, 34, Act of 1874; Statutes of 1879, ch. 4, art. 1194, sec. 21; Smith on Receivers, secs. 7, 7b, 395, 398.

*Tom C. Davis, E. P. Padgett,* and *Hamilton & Minton,* for appellee.— The railway of defendants, receivers, in the operation of which plaintiff received the injuries sued for, is located, run and operated exclusively in Sabine County, Texas, and the injury complained of occurred in said county, thus giving the District Court thereof jurisdiction to try said cause, and the plea of privilege filed by defendant receivers herein was properly overruled by the court. Rev. Stats., arts. 1194, sec. 23, 1484; Acts of 1901, p. 31; Wills Point Mer. Co. v. Southern R. I. Plow Co., 71 S. W. R., 294; 31 Texas Civ. App., 40; Poindexter v. Receivers Kirby Lumber Co., 20 Texas Ct. Rep., 450; Lodwick Lumb. Co. v. Taylor, 87 S. W., 358, 39 Texas Civ. App., 302; Cunningham v. Neil, 107 S. W., 539, 101 Texas, 338.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

In 1901 the Kirby Lumber Company was chartered under the laws of Texas and was authorized to erect and operate saw mills, planing mills, dry kilns, tram railroads, and all other necessary incidents to their business and on the 17th day of March, 1904, Joseph S. Rice and Cecil A. Lyon were appointed by the Circuit Court of the United States for the Southern District of Texas receivers of said corporation, vesting them with authority to conduct the business of said corporation. Among other properties of said corporation was a tram railroad about four miles long, constructed with cross ties and steel rails, with a saw mill to which it was appurtenant, which were situated in Sabine County, Texas. The railroad was run with locomotives, engines and cars and other rolling stock. While this tram

road was operated by the receivers the plaintiff, a brakeman on one of its trains, was, as found by the jury, injured through the negligence of the servants operating the train, and for this he brought his suit against the corporation and its receivers in Sabine County. The plaintiff was a resident of Sabine County.

The receivers filed in due time a plea of privilege, alleging that the cause of action was triable in Harris County, Texas, where the principal office of the company was situated, and could not be maintained in Sabine County, where neither of the defendants resided.

The court sustained a demurrer to this plea and defendants excepted.

The question certified for our determination is: "Did the trial court err in overruling the plea of the defendant receivers?"

The laws of 1901 contain the following provision:

"That all suits against railroad corporations, or against any assignee, trustee or receiver operating any railway in the State of Texas, for damages arising from personal injuries, resulting in death or otherwise, shall be brought either in the county in which the injury occurred, or in the county in which the plaintiff resided at the time of the injury, etc." (Laws 1901, p. 31.)

Since the Kirby Lumber Company was not a railway corporation in a strict sense, if this suit was against the company alone, it would be difficult to hold that it applied to such a case; though it might be plausibly argued, that by railway corporation was meant any railroad that was operated by virtue of corporate powers. But the succeeding words, "against any assignee, trustee or receiver operating any railway in the State of Texas," bring the present case literally within the terms of the statute. The defendants, the receivers, were operating a railway in the State of Texas. In Cunningham v. Neal, 101 Texas, 338, the question whether a railroad operated not publicly but for the private purpose of carrying on a plantation business was a railroad within the meaning of section 1 of the Act approved June 18, 1897, entitled: "An Act to prescribe and define the liability of persons, receivers or corporations operating railroads or street railways, for injuries to their servants and employes and to define who are fellow-servants," was presented and it was held that it was; and that although the railroad was used exclusively in private business, it made no difference, and that it was a railroad operated by a corporation. In the elaborate opinion by Mr. Justice Brown in that case it is pointed out that no difference insofar as the employes were concerned as to the dangers of the service, etc., were recognized and that therefore it was no answer to say that the injury was inflicted by the negligence of a fellow-servant. It this opinion we all concurred. It is to be noted that the language of the statute then considered and of that now being discussed is practically the same; we therefore conclude that the word "railroads" should have the same construction in each Act.

The plaintiff had a right to sue in Sabine County both because he lived in that county and the injury was inflicted there. We answer that the trial court did not err in overruling the plea of the defendant receivers.