## Receivers of Kirby Lumber Company v. William Lloyd.

### Decided March 7, 1910.

**1.—Venue—Tram Road—Lumber Company.**

A tram road operated by receivers of a lumber company in the conduct of the business of the company, comes within the purview of the Act of 1901 (Gen. Laws, 1901, chap. 27) concerning the venue of suits against receivers of railroads for personal injuries, and such receivers may be sued either in the county in which the injury occurred or in the county of plaintiff's residence.

**2.—Personal Injuries—Charge Approved—No Double Recovery—Cases Distinguished.**

In a suit for damages for personal injuries the court charged the jury as follows: "If you find a verdict for plaintiff you will assess his damages at such a sum of money as, if paid in hand at this time, will fairly and justly compensate him for the injuries alleged in his petition which you find from the evidence he sustained, if any; and in doing so you will take into account the mental and physical pain, if any, suffered by him up to this time and that will be suffered by him in the future as a result of said injuries, if any; the earning capacity lost by him on account thereof, if any; and the impairment of his ability to earn money in the future, if any, on account of said injuries." Held, not subject to the objection that it allowed a double recovery for the same result. International & G. N. R. Co. v. Butcher, 98 Texas, 462, and Missouri, K. & T. Ry. Co. v. Nesbit, 40 Texas Civ. App., 209, distinguished.

**3.—Res Gestae—Contemporaneous Statements—Effect as Evidence.**

Where a plaintiff, in a suit for damages for personal injuries, denied making certain statements under such circumstances as constituted them part of the res gestate, it was error for the trial court to limit by its charge the effect of the testimony of other witnesses, as to the fact that said statements were made, to the impeachment of the plaintiff. Said declarations were evidence of the truth of the facts stated therein.

**4.—Practice—Defensive Matter—Right to Submission.**

When a matter of defense is properly pleaded and supported by proof, it is error for the trial court to refuse a special charge distinctly submitting the issue to the jury, the issue not being submitted in the main charge.

Appeal from the District Court of Sabine County. Tried below before Hon. W. B. Powell.

*Baker, Botts, Parker & Garwood* and *Andrews, Ball & Streetman,* for appellants.—The court's charge upon the measure of damage is incorrect in that it allows a double recovery, to wit, the recovery for mental and physical pain, if any, suffered by him up to the time of the trial and that will be suffered by him in the future as a result of the injuries, and the earnings lost by him on account thereof, and impairment of his ability to earn money in the future on account of the injuries. A recovery for future mental and physical pain would include a recovery for future decreased earning capacity. Texas & N. O. Ry. Co. v. McGraw, 43 Texas Civ. App., 247; Missouri, K. & T. Ry. Co. v. Nesbit, 40 Texas Civ. App., 209; Houston & T. C. Ry. Co. v. Anglin, 12 Texas Ct. Rep., 385; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 50; Texas Cent. Ry. Co. v. Brock, 88 Texas, 310; St. Louis S. W. Ry. Co. v. Smith, 63 S. W., 1067; International & G. N. R. Co. v. Butcher, 98 Texas, 462.

The testimony of the witnesses Gibbs, Kelly, Key and Wilson, as to statements made by Lloyd when they reached him immediately after the accident, was part of the res gestae and was original evidence, and not merely impeaching testimony. The charge of the court, therefore, in limiting the scope of this testimony, was upon the weight of the evidence. International & G. N. Ry. Co. v. Anderson, 82 Texas, 519; Texas & P. Ry. Co. v. Robertson, 82 Texas, 660; 11 Ency. Ev., 292, 293, 295, 298, 299; Greenleaf on Evidence, sec. 100, p. 198; id., sec. 162f, p. 263; Hadley v. Carter, 8 N. H., 40; Murray v. Boston & Maine Ry. Co., 54 Atl., 289, 61 L. R. A., 495.

The court erred in refusing special exception No. 10, requested by the defendant, which is as follows: "The jury are instructed that if you find that the plaintiff failed to give any signal to the engineer to slow down the train as the cars neared him, and that in failing to do so, if you find he did, he did not exercise ordinary care for his own protection, and that such failure on his part, if any, caused or contributed to cause said accident and injury then he can not recover; and if you so find the facts, you will return a verdict for the defendants, although you may find the defendants were negligent in backing said train. St. Louis S. W. Ry. Co. v. Hall, 98 Texas, 480; Texas Trunk Ry. Co. v. Ayres, 83 Texas, 269; Dallas Con. Elec. St. Ry. Co. v. Conn, 100 S. W., 1019; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 639.

*Tom C. Davis, E. P. Padgett* and *Hamilton & Minton,* for appellee.

REESE, ASSOCIATE JUSTICE.—This is an action instituted in the District Court of Sabine County by William Lloyd against the re-

ceivers of the Kirby Lumber Company to recover damages for personal injuries received by plaintiff while engaged in the discharge of his duties as a brakeman on a logging train operated by defendants on a tram road owned by the lumber company and operated by defendants as receivers, in connection with its business of manufacturing lumber. Upon trial, with the assistance of a jury, there was a verdict for plaintiff, and from the judgment defendants appeal.

According to the allegations of the petition there were several cars loaded with logs standing on the track at the head of a grade, and several other cars, likewise loaded, to which was attached a locomotive in charge of. one Kelly as engineer, at the foot of the grade. The immediate work in hand was to couple the latter string of cars onto the former, and to effect this purpose appellee was directed by the engineer to open the switch leading from the track on which the engine and cars attached were standing, to the track on which were the other cars. After opening the switch appellee gave the engineer the signal to back up, and started to the other cars for the purpose of making the coupling. On account of the projection of the logs over the ends of the cars it was necessary to use a heavy piece of timber about nine feet long and five inches square, called a "reacher" or "rooster," to connect the draw-heads of the respective cars. When he reached the standing cars appellee went onto the track and picked up this piece of timber and rested it on his knee so as to be ready to insert it in the draw-head of the approaching car. These approaching cars came back so fast that appellee could not remove the coupling pin, and in order to check the speed of the cars and save himself he placed the end of this piece of timber against the draw-head of the moving car, but the cars were coming so fast and with such force that the timber "bucked" and flew out, knocking him down and falling on him, pinning his leg across the rail, where it was run over by the wheels of the car and crushed. It was alleged that the accident was wholly due to the negligence of the engineer in backing the engine and cars at a high and unnecessary and unusual rate of speed, whereby the appellee was neither able to make the coupling nor to escape from between the cars after he discovered this fact. The accident occurred in Sabine County.

Appellants filed a special plea of privilege to be sued in Harris County, where its principal office was located, which was overruled. They also pleaded, in addition to general demurrer and certain special exceptions, a general denial, contributory negligence and assumed risk.

We find, as conclusions of fact, that the evidence was sufficient to support the verdict on the issue of negligence on the part of appellants, and assumed risk and contributory negligence on the part of appellee, and as to the amount thereof.

The first assignment of error complains of the action of the court in overruling appellants' plea of privilege to be sued in Harris County. This question was certified by this court to the Supreme Court, and by its answer we are advised that the trial court did not

err in the matter complained of. (Receivers, Kirby Lumber Co. v. Lloyd, 103 Texas, 153. The assignment is overruled.

By their second, third and fourth assignments of error appellants assail the verdict and judgment as being contrary to the law and the evidence and without evidence to support the same, and also as being contrary to the overwhelming weight and preponderance of the evidence, in that it was shown that there was no negligence on the part of the engineer, that appellee assumed the risk, and was guilty of negligence contributing to his injury. We have examined the evidence carefully and our conclusion is that these assignments are not well taken. Each of the assignments, and the several propositions thereunder, are overruled.

By the fifth assignment of error complaint is made of the following charge, on the ground that it allows a double recovery for the same damage:

"Under the evidence admitted before you, and the law given to you in this charge and any special charges that may be given, if you find a verdict for the plaintiff, you will assess his damages at such a sum of money as, if paid in hand at this time, will fairly and justly compensate him for the injuries alleged in his petition which you find from the evidence he sustained, if any; and in doing so you will take into account the mental and physical pain, if any, suffered by him up to this time and that will be suffered by him in the future as a result of said injuries, if any; the earning capacity lost by him on account thereof, if any, and the impairment of his ability to earn money in the future, if any, on account of said injuries, together with the amount, if anything, paid by him for doctor's bill and medical attention, as you may find to be reasonable and just."

The ground of objection is that by the charge the jury were allowed to award to appellee damages both for mental and physical pain and for impairment of his ability to earn money on account of his injuries, and that this allowed a double decovery for the same result.

We can not agree to this contention. There might result diminished earning capacity and mental and physical suffering, quite independent of each other. None of the authorities cited by appellants sustain their contention. In the case of International & G. N. Ry. v. Butcher, 98 Texas, 462, the charge complained of allowed damages to be recovered for (1) physical and mental suffering; (2) the probable future effect of the injuries on plaintiff's mental and physical health; (3) impairment of ability to or capability to pursue the course of life plaintiff might have done, and (4) decreased mental and physical capacity to labor and earn money. It was held that the injuries to plaintiff's physical and mental health would necessarily impair his ability to pursue a calling he could otherwise have pursued, and would also decrease his capacity to labor and earn money, and that the decreased capacity to labor and earn money would necessarily be a result of the impairment of physical and mental health. The court is careful not to say that mere mental or physical suffering would necessarily affect the ability to labor and

earn money, which are the only two elements of damage submitted in the charge complained of here.

In Missouri, K. & T. Ry. v. Nesbitt, 40 Texas Civ. App., 209 (88 S. W., 891), the charge was held objectionable on the ground that it allowed a recovery for inability to pursue the course of life which the injured party might have pursued but for his injuries, and also for diminished capacity to labor and earn money. It was held that it was misleading to mention both elements of damage in the charge as distinct from each other. A charge identical with the one here complained of was approved by this court in Lyon et al. v. Bedgood, 54 Texas Civ. App., 19 (117 S. W., 900), and also in Houston Elec. Co. v. Seegar, 54 Texas Civ. App., 225. There is no merit in the assignment.

The sixth assignment of error complains of the following charge:

"The testimony of the witnesses Gibbs, Kelly, Key, Wilson, Doctors Morgan and Fortenberry as to statements made to and in the presence of them or either of them by the plaintiff, Will Lloyd, which statements the said Lloyd denied making, were admitted in evidence before you as impeaching testimony, and will be considered by you in passing upon the credibility of the witness Lloyd; and you will consider it for that purpose and in that connection only."

In so far as the testimony of the witnesses Gibbs, Kelly, Key and Wilson is concerned, it was clearly a part of the *res gestae,* and was admitted as such by the trial court, as shown by the record. This testimony consisted of statements made by appellee Lloyd as he lay on the ground and immediately after the accident, either to or in the hearing of these witnesses, relating to the accident, and tending, if true, to exonerate Kelly, the engineer, of the charge of negligence, and throw the responsibility for the accident upon appellee. It is clear that the statements were made under such conditions as to time, place and circumstances attending them as to bring them within the rule for the admission of such declarations when shown to have been a part of the *res gestae.* This is not questioned by appellee. In such case the declarations of appellee were evidence as to the truth of the facts so stated by him, and they were none the less admissible for that purpose, even if appellee had admitted that he made them, though in such case their exclusion would probably have been harmless error. But in the present case appellee only admitted that he made so much of such statements as discharged Kelly of blame at his hands, and did not at all admit making the statement to Kelly that "I ought to have flagged you—I have made so many of these couplings that I thought I could make this one," in connection with his statement that he did not blame Kelly. It was clearly error to limit the effect of this testimony to the impeachment of appellee, and to tell the jury that they could only consider it in passing upon his credibility. The testimony was important and bore directly upon the vital issue in the case. The assignment must be sustained. (That the declarations were a part of the *res gestae;* International & G. N. Ry. Co. v. Anderson, 82 Texas, 519; Texas & P. Ry. Co. v. Robertson, 82 Texas, 660. As to its legal effect: 11 Enc. of Evidence,

292 et seq.; Pilkinton v. Gulf, C. & S. F. Ry. Co., 70 Texas, 230; McGowen v. McGowen, 52 Texas, 657.)

We are of the opinion that special charge No. 10, requested by appellants, should have been given. Whether the plaintiff was guilty of negligence causing or contributing to his injury in failing to give to the engineer a signal to slow down as the cars were about to come together to make the coupling, was a defense specially presented by the pleadings and there was evidence tending to support it. We can find nothing in the court's charge covering this point, except in the most general way, if at all. The appellants were entitled to have the facts with regard to this presented to the jury and to have the charge requested by them given. (Texas Trunk Ry. Co. v. Ayres, 83 Texas, 269; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 639; St. Louis S. W. Ry. Co. v. Hall, 98 Texas, 488.) We have examined the other assignments of error, and they are severally overruled without discussion.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*