## HOME BEN. ASS'N v. ROBBINS.
### No. 975.

Court of Civil Appeals of Texas. Waco.
Nov. 20, 1930.

Oltorf & Oltorf, of Marlin, and L. M. Seay, of Groesbeck, for appellant.

L. W. Shepperd, of Groesbeck, for appellee.

STANFORD, J.

Appellee, by a next friend, filed this suit in Limestone county against appellant, an unincorporated local mutual aid association, to recover upon a certificate of membership issued by appellant. In due time appellant filed its plea of privilege to be sued in Falls county, the county of its residence and domicile. Appellee, in due time, filed his controverting plea. On a hearing of such plea and controverting affidavit the court overruled appellant's plea of privilege, from which action of the trial court appellant has duly appealed and presents the record here for review.

Under its first and fifth propositions, appellant contends, in effect, that it being a local mutual aid association, unincorporated and organized under article 4859, Revised Statutes of 1925, article 1995, sec. 23, Revised Statutes, has no application to the question of venue in this case; and, further, as the contract evidenced by the policy was performable in Falls county, the suit could not be maintained elsewhere. From the face of the record, there can be no doubt but that appellant was, and is, a local mutual aid association, unincorporated, and that its principal place of business was and is in Marlin, in Falls county, Tex. It is also true that appellant as such local mutual aid association, unincorporated, was organized and doing business under article 4859, Revised Statutes of 1925. However, the provisions of article 4859 et seq. have no reference to venue, and the venue of suits against local mutual aid associations is controlled by the general provisions of our venue statute. Article 1995, section 23, provides: "Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated." That appellee's application, upon which the certificate sued upon, was taken in Limestone county, Tex., cannot be doubted. That appellee, at that time and at all times since, resided in Limestone county, cannot be questioned. It is also true that said certificate was delivered to appellee, in Limestone county, Tex.; that the injury suffered by appellee, causing his total disability, occurred in Limestone county, Tex. There is no doubt but that at least a part of appellee's cause of action arose in Limestone county. The above being true, the provisions of our statute above recited fixed the venue in this case in Limestone county. Article 1995, section 23, Revised Statutes; Union Trust Estate v. Orr et al. (Tex. Civ. App.) 3 S.W.(2d) 472. And the above is true regardless of any stipulation in the application, bylaws, or certificate to the contrary, designed to fix venue otherwise, and different to that fixed by the laws of this state. Business Men's Mutual v. Lockhart et al. (Tex. Civ. App.) 291 S. W. 658; International Travelers' Association v. Branum, 109 Tex. 543, 212 S. W. 630; International Travelers' Association v. Powell, 109 Tex. 550, 212 S. W. 931; Eaton v. Int. Travelers' Ass'n (Tex. Civ. App.) 136 S. W. 817. Appellant's first and fifth propositions are overruled.

Under its third proposition, appellant contends, in effect, that, as it had no agent or representative in Limestone county within the meaning of article 1995, section 23, Revised Statutes, it was error to overrule its plea of privilege. The record shows conclusively, not only that appellant was a local mutual aid association, unincorporated, within the meaning of article 1995, section 23, Revised Statutes, but also that appellant at the time said policy was issued and delivered, and for many years prior thereto, had a local agent and representative in Limestone county, Tex., who had authority to solicit and transmit applications, receive and deliver policies, to countersign policies for appellant as its local agent in Limestone county, and that the policy sued upon was solicited by said local agent in Limestone county, and was countersigned and delivered by said local agent in said county.

The trial court was correct in overruling appellant's plea of privilege.

The judgment is affirmed.