## MEIER v. SERVICE CORPORATION OF THE NATIONAL ASS'N OF CREDIT MEN, Inc., et al.

### No. 12687.

Court of Civil Appeals of Texas. Dallas.
May 13, 1939.

Rehearing Denied June 10, 1939.

Clifford Craig and Earl E. Hurt, both of Dallas, for appellant.

Hamilton, Lipscomb, Wood & Swift and Fred J. Dudley, all of Dallas, for appellees.

LOONEY, Justice.

John Meier sued The Service Corporation of the National Association of Credit Men, Inc., a non-resident corporation with a permit to do business in Texas, and L. T. Dysart, manager of the Dallas branch of the Corporation. The suit was based upon the following written contract:

"State of Texas, County of Dallas

"Whereas, on this the 2nd day of March, 1936, John Meier of Dallas County, Texas, has executed to L. T. Dysart of Dallas County, Texas, a certain chattel mortgage and note in the principal sum of $1850.00 and Whereas said note and mortgage is intended by all parties hereto said chattel mortgage as a full and final settlement of all of John Meier's obligations growing out of said business up to March 1, 1936. And further any obligations concerning said business made, entered into, or agreed to by the Service Corporation.

"For and in consideration of the execution of the said note and mortgage and one dollar ($1.00) in cash it is agreed and understood that the giving of said note and mortgage is in full settlement of all indebtedness of said business save and except 1936 taxes and the $50.00 balance due the City of Dallas on 1935 taxes.

"Therefore, this instrument is executed by L. T. Dysart, individually and on behalf of the Service Corporation, relieving the said John Meier from any and all such obligations as above set forth henceforth and up unto March 1, 1936.

"The Service Corporation
"Dallas, Texas,
"By L. T. Dysart."

Plaintiff alleged in substance that, his indebtedness to other parties, assumed by the defendants, under the terms of the written agreement, amounted to $3,400, to be paid immediately, in order to enable plaintiff to continue in business and meet the installments as they fell due on the $1,850 note mentioned in the contract; alleging further that, defendants failed to pay said indebtedness as agreed, leaving plaintiff obligated to pay same, and that, by reason of such failure, plaintiff was forced to go out of business, and sell the fixtures belonging to his business, that were under mortgage to secure payment of the $1,850 note, claiming that he sustained certain damages; praying judgment for the amount of the indebtedness assumed, $3,400, and other elements which we do not deem necessary to mention further, because not sustained by proof.

Each defendant answered by a general denial, plead non est factum and want of consideration. At the conclusion of the evidence, the court directed a verdict for the defendants and rendered judgment accordingly, from which plaintiff appealed.

In argument, the question was raised, that, agency cannot be established by the testimony of the purported agent. This contention is unsound; unless disqualified for some reason, an agent may testify to facts showing his agency, although declaration made to a third person, not in the presence of the principal and not brought to his knowledge and ratified, is not admissible to prove the fact of agency. (See 2 C.J. (on Agency) pg. 933, sec. 6&9, and authorities cited).

■ Dysart, as manager of the Corporation's Dallas Branch, was authorized to act for it, in executing the written instrument in question. A corporation can act only through agents, and in the instant case, the act of Dysart was that of the Corporation. We, therefore, hold that the written instrument sued upon was properly and legally executed.

■ As the written instrument imports a consideration, the burden was upon defendants, not only to plead want of consideration, under oath, but to sustain the plea by proof, which they failed to do. See Wright v. Robert & St. John Motor Co., 122 Tex. 278, 58 S.W.2d 67. We, therefore, hold that the defendants failed to sustain their plea of want of consideration.

This brings us to the material question presented, that is, whether the evidence raised a jury issue in any other respect. Construing the written agreement in the light of the facts and circumstances surrounding the parties at the time of its execution, although skeleton in form, its meaning, in our opinion, may be ascertained with reasonable certainty. Plaintiff had been conducting a business in Dallas, known as the Martinez Coffee Company, was embarrassed by over-due indebtedness to The Service Corporation, and to other persons and firms, in varying amounts aggregating $3,400. We think it obvious that, the first paragraph of the contract shows that the note and mortgage mentioned were intended as a settlement in full of plaintiff's indebtedness to The Service Corporation up to March 1, 1936; and the language "And further any obligations concerning said business made, entered into, or agreed to by The Service Corporation", construed in connection with other provisions of the contract, evidently referred to plaintiff's obligations to other persons and firms, aggregating $3,400. We do not think the contract is susceptible to any construction other than that payment of the latter obligations was assumed by The Service Corporation (and probably also by Dysart) as part consideration for the note and mortgage given by plaintiff. In the second paragraph, it is stated that the note and mortgage were intended to be in full settlement of all indebtedness of said business (except taxes), and the third, reading: "Therefore, this instrument is executed by L. T. Dysart, individually and on behalf of The Service Corporation, relieving the said John Meier from any and all such obligations as above set forth henceforth and up unto March 1, 1936", showing conclusively, we think, that The Service Corporation (and probably Dysart) undertook to relieve plaintiff from any and all such obligations, meaning, of course, his obligations to The Service Corporation as well as to other persons and firms, aggregating $3,400; a list of the latter being furnished Dysart by plaintiff at the time the contract was entered into.

■ While it is not satisfactorily shown that plaintiff's debts to the other persons had not been paid, we think it safe to assume they had not been, yet, that fact alone would not create a cause of action in favor of plaintiff against either Dysart or The Service Corporation, in the absence of proof showing that plaintiff had been forced to pay the indebtedness assumed by the defendants.

The assumption of plaintiff's debts by The Service Corporation (and probably by Dysart) rendered them primarily liable to the creditors, and thereafter, plaintiff's status with reference thereto was that of surety. It follows, therefore, that no cause of action in favor of plaintiff against either Dysart or The Service Corporation would arise, unless and until plaintiff was compelled to pay the debts thus assumed. See an elaborate discussion of the subject of assumption by Judge Dibrell, in Hill v. Hoeldtke, 104 Tex. 594, 142 S.W. 871, 40 L.R.A.,N.S., 672; also, see the annotations in 76 A.L.R. 1191.

It will be observed that we have not been particular to determine whether or not the written contract is binding upon Dysart personally, but assume, without deciding the point, that he is a party thereto, although it seems that throughout, he acted as agent for The Service Corporation, and it does not appear that he signed the contract in any other capacity.

So, we have reached the conclusion that the evidence did not raise a jury question and that the court below did not err in directing verdict and rendering judgment for the defendants, hence, the same is affirmed.

Affirmed.