## HUMBLE OIL & REFINING CO. v. HAMER.

### No. 4073.

Court of Civil Appeals of Texas. Beaumont.

Dec. 17, 1942.

Rehearing Denied Jan. 6, 1943.

Pitts & Liles, of Conroe, R. E. Seagler, Knox W. Gilmore, and E. E. Townes, all of Houston, and Manry & Cochran, of Livingston, for appellant.

Allen, Helm & Jacobs, of Houston, and Campbell & Foreman, of Livingston, for appellee.

O'QUINN, Justice.

Appellant, Humble Oil & Refining Company, is a corporation domiciled in Harris county, where it owns and operates a large oil refinery. As a part of its refinery equipment it owns and operates a short line of railroad extending into the refinery, but it is in no sense a railroad corporation, and the operation of the railroad is merely incidental to its corporate purposes, which in part are as follows: "The storing, transporting, buying and selling of oil, gas, salt, brine, and other mineral solutions; also the prospecting for and producing, treating, refining, reducing, and manufacturing of oil, gas, salt, brine, and other mineral solutions, and generally to exercise any and all powers and authorities conferred upon corporations organized under Chapter 24, Title 25, of the Revised Statutes of the State of Texas, and the amendments thereto heretofore made or hereafter to be made [Vernon's Ann.Civ.St. art. 852 et seq.]."

On the allegations of his petition, appellee, Edwin Hamer, received personal injuries on the 23rd day of November, 1941, in attempting to cross appellant's line of railroad, negligently inflicted by its agents, servants and employees in operating its train over its line of railway. Appellee prayed for judgment for the damages proximately caused by appellant's negligence. The suit was filed in Polk county. Appellant filed its plea of privilege to be sued in Harris county. Appellee answered the plea by controverting affidavit claiming venue under Exception 23 of Article 1995, R.C.S., reading in part: "Corporations and associations.—Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated." Appellee alleged that W. R. Bailey was appellant's agent in Polk county within the purview of exception 23. The appeal is from the judgment of the lower court overruling appellant's plea of privilege.

Appellant's first point against the judgment is that Bailey was not appellant's agent or representative in Polk county, within the purview of Exception 23. This point is overruled. Mr. Bailey's testimony as to his duties and compensation may be summarized as follows:

(1) He builds up the good will of the Humble Oil & Refining Company in Polk county, Texas, and tries to push the sale of the products of the Humble Oil & Refining Company in Polk county, Texas, selling and being permitted to sell by the Humble Oil & Refining Company only the products of the Humble Oil & Refining Company.

(2) He makes regular inspection of certain properties of the Humble Oil & Refining Company in Polk county, Texas, collects money for the company, and has possession of, supervises, controls and maintains certain properties of the Humble Oil & Refining Company in Polk county.

(3) He uses Humble Oil & Refining Company letterheads, envelopes, forms, records and stamps furnished him by the Humble Oil & Refining Company, occupies a warehouse owned by them, and distributes their products from their warehouses and storage tanks in Polk county, Texas.

(4) With the knowledge of the Humble Oil & Refining Company and without objections from them, he frequently signs his name to letters to them as "W. R. Bailey, Agent," has listing in the Livingston Telephone Directory as the agent of the Humble Oil & Refining Company, and is known generally throughout the county as the

agent for the Humble Oil & Refining Company.

(5) The Humble Oil & Refining Company furnishes him advertising material which he distributes throughout the county under the instructions of the Humble Oil & Refining Company.

(6) He frequently consults with the representatives of the Humble Oil & Refining Company as to the best business methods and policies in Polk county, Texas.

(7) He is under the supervision of the Jacksonville district of the Humble Oil & Refining Company, and has many general instructions which he must abide by.

(8) He had a written contract with the Humble Oil & Refining Company, across the top of which was written the phrase "Permission Agency Agreement," but this agreement was not introduced in evidence.

It is our conclusion that Mr. Bailey's agency in Polk county was of a nature to confer venue in Polk county of appellee's cause of action. In Houston Packing Co. v. Cuero Cotton Oil & Mfg. Co., Tex.Civ. App., 220 S.W. 394, 395, 396, discussing Exception 23, the court said: "It will be noted that the disjunctive form of expression in what is otherwise also a rather broad designation is used, indicating, as we think, that no particular kind of representative, at least, was meant, even if that was in mind with reference to the sort of agency intended." In Bay City Iron Works v. Reeves & Co., 43 Tex.Civ.App. 254, 95 S.W. 739, 740, the Court of Civil Appeals held that "local agent" as used in Exception 23 means "a person who is representing the corporation in the promotion of the business for which it was incorporated * * *." Clearly, Mr. Bailey represented appellant in Polk county "in the promotion of the business for which it was incorporated." In Avery Company of Texas v. Wakefield, Tex.Civ.App., 225 S.W. 875, the following facts were held to bring the agency within Exception 23: The agent had sold the products of his principal for several years, had received certain commissions for the sale of the company's goods, had pushed the company's goods in a certain county, and dealt with the people in that county concerning the company's products. In John Hancock Mutual Life Insurance Company v. Torrance, Tex.Civ. App., 270 S.W. 218, 220, the business of the principal was that of loaning money on farm lands in Texas. It had an office and manager of its loan business in Dallas,

Texas, and a local agent, W. A. Roberts, representing it in McLennan county. It supplied him with all necessary literature, including blank applications, to enable him to discharge his duties, which were to secure applications for farm loans, to see that the applications were properly filled out and to do all other things necessary to perfect the loan. The court said: "In doing all of this we think W. A. Roberts was engaged in forwarding the particular business in which appellant was engaged, and was an agent or representative within the purview of section 28, art. 1830, of our Revised Statutes [Vernon's Ann.Civ.St. art. 1995, subd. 27]. At least, the evidence is ample to support the finding of the jury on this issue." In Home Benefit Ass'n v. Robbins, Tex.Civ.App., 33 S.W.2d 197, the evidence showed that the alleged local agent had authority to solicit and transmit applications for insurance, to receive and deliver policies of insurance, to countersign policies of insurance, and that the policy sued upon was solicited and delivered by the local agent. These facts were held sufficient to establish agency under Exception 23 of the Venue Statute. See also White Point Development Co. v. Seagraves, Tex.Civ.App., 278 S.W. 855; Talley v. Shasta Oil Co., Tex.Civ.App., 146 S.W.2d 802.

■ Appellant's second point against the judgment is that the venue in this case is governed by Exception 25 of Article 1995, reading in part: "Railway personal injuries.—Suits against railroad corporations, or against any assignee, trustee or receiver operating any railway in this State, for damages arising from personal injuries, resulting in death or otherwise, shall be brought either in the county in which the injury occurred, or in the county in which the plaintiff resided at the time of the injury." Appellant's proposition is that the alleged cause of action was for a railway personal injury. The facts show that the injury was received in Harris county, that appellant had its corporate domicile in Harris county, and the evidence failed to show that appellee resided in Polk county. Therefore, the conclusion is drawn that venue properly lies in Harris county. In support of this proposition appellant cites the following authorities. Article 1995, Sec. 25; Receivers of Kirby Lbr. Co. v. Lloyd, 103 Tex. 153, 124 S.W. 903; Kirby Lbr. Co.'s Receivers v. McLendon, 56 Tex. Civ.App. 279, 120 S.W. 227; Kirby Lbr. Co.'s Receivers v. Owens, 56 Tex.Civ.App.

370, 120 S.W. 936; Cunningham v. Neal, 101 Tex. 338, 107 S.W. 539, 15 L.R.A.,N.S., 479; Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747; Hoffer Oil Corp. v. Brian, Tex.Civ.App., 38 S.W.2d 596. We do not review these authorities because clearly they do not support appellant's proposition. As applicable to the facts of this case, Exception 25 relates to "railroad corporations" as such, and not to a corporation chartered for other purposes but which operates a railroad as a mere incident of its corporate duties. Philip A. Ryan Lbr. Co. v. Ball, Tex.Civ.App., 197 S.W. 1037. The Federal Court, in Sisk v. White Oak Lbr. Co., D.C., 14 F.2d 552, held that a lumber company, operating a private railroad, was not a "railroad company." In Taggart v. Republic Iron & Steel Co., 6 Cir., 141 F. 910, the court held that an iron manufacturing company, operating a switch line, was not a railroad company. In Valley Lbr. Co. v. Westmoreland, 159 Ark. 484, 252 S.W. 609, 611, the court said: "Corporations, companies, or individuals operating locomotives and trains over railroads which are not chartered, or which do not operate their railroads as common carriers, cannot be classified as railroad corporations." In Taylor v. Prairie Pebble Phosphate Co., 61 Fla. 455, 54 So. 904, the court held that the operation of a trolley car as an incident to the company's business of operating a phosphate mine did not make the company a railroad corporation, and the same court in J. Ray Arnold Lbr. Co. v. Carter, 91 Fla. 548, 108 So. 815, 46 A.L.R. 1068, held that a lumber company operating a tram road was not a "railroad company." As denying appellant's proposition that a railroad personal injury conferred jurisdiction under Exception 25, we cite the following additional authorities. Bradford Construction Co. v. Heflin, 88 Miss. 314, 42 So. 174, 12 L.R.A.,N.S., 1040, 8 Ann.Cas. 1077; New Deemer Mfg. Co. v. Kilpatrick, 129 Miss. 268, 92 So. 71; Stanley v. Jay Street Connecting Ry. Co., 100 Misc. 493, 166 N.Y.S. 119; McKivergan v. Alexander Lbr. Co., 124 Wis. 60, 102 N.W. 332; In re Exmouth, L.R. 17 Eq. 181.

On the issue of agency, appellee introduced only the testimony of the alleged agent, and did not introduce his written contract. The authorities do not support appellant's proposition that the testimony of this agent could not be looked to to establish his agency. It is the unquestioned law that agency cannot be established by the simple declaration of the agent. This prin-ciple of law relates to the declaration of the agent to a third party—hearsay testimony. The agent may testify to facts showing his agency as to the same extent and under the same rules, regulating his testimony on other pertinent issues. Harris County v. Crooker, 112 Tex. 450, 248 S.W. 652; Traders & General Ins. Co. v. Hurst, Tex.Civ.App., 55 S.W.2d 1057; Salinas v. Salinas, Tex.Civ.App., 77 S.W.2d 568, 569; Meier v. Service Corporation of the Nat'l Ass'n of Credit Men, Inc., Tex. Civ.App., 129 S.W.2d 690; Gibson et al. v. Gillette Motor Transport, Inc., Tex.Civ. App., 138 S.W.2d 293; International Fire Ins. Co. v. Black, Tex.Civ.App., 179 S.W. 534.

Mr. Bailey's evidence disclosed that he held his agency under a written contract. Appellant did not object to his testimony on the ground that the written contract was the best evidence, nor did it move to strike his testimony after it had been received. On this statement, appellant waived its right to insist upon the production of the written contract as the best evidence. Long & Berry v. Garnett, 59 Tex. 229; Hunter v. Waite, 11 Tex. 85; Brown v. Lessing, 70 Tex. 544, 7 S.W. 783; Blair v. Boyd, 61 Tex.Civ.App. 435, 129 S.W. 870; McCormick & Ray, Texas Law of Evidence, Sec. 706.

Judgment of the lower court is affirmed.