MODERN ORDER OF PRAETORIANS V. THOMAS J. TAYLOR.

Decided April 2, 1910.

**1.—Fraternal Order—Benefit Certificate—Pleading and Proof—Provisos.**

In a suit upon a benefit certificate in a fraternal order, it is only necessary to allege the legal effect of the certificate. In such a suit petition of plaintiff and the benefit certificate offered in evidence considered, and held no variance in that the petition alleged a positive obligation while the certificate contained conditions and provisos on which liability was made to depend. The provisos were defensive matter which the defendant should have pleaded if it relied upon them.

**2.—Accident Insurance—"Loss of Foot"—Meaning.**

The constitution of a fraternal order provided that if a member should lose a hand or foot by accident, he should be paid a certain amount. Held, the language "lose a hand or foot" did not mean that there must be a severance of the hand or foot from the body, but that there must be a loss of the use of the hand or foot, and the loss must be permanent, as, for instance, by total and incurable paralysis.

**3.—Same—Charge.**

In a suit upon a benefit certificate issued by a fraternal society, charge of the court considered and held subject to the objection that it allowed plaintiff to recover for paralysis of the foot though the jury might believe that the paralysis was only temporary.

Appeal from the County Court of Hunt County, Texas. Tried below before Hon. J. W. Manning.

*Dabney & Townsend,* for appellant.—A variance between allegation and proof exists where in suit on a certificate issued by a fraternal beneficiary society the certificate is alleged as a positive obligation, when it contains on its face conditions and provisos upon which liability is made to depend. Supreme Council A. L. of H. v. Anderson, 61 Texas, 296; Texas Homestead Building & L. Assn. v. Kerr, 13 S. W., 1020.

Defendant, as an affirmative defense alleging that the loss of the foot was not permanent and there being evidence to that effect, was

entitled to have the issue submitted to the jury affirmatively, and not withdrawn by positive charge declaring defendant liable if the loss of use of foot then existed although not permanent. Sheanon v. Pacific Mutual L. Ins. Co., 77 Wis., 618; Earle v. Thomas, 14 Texas, 585; Waul v. Hardie, 17 Texas, 557-8; Whitsett v. Miller, 1 Posey U. C., 210-211; Turner v. Johnson, 37 S. W., 176; Hartford Fire Ins. Co. v. Josey, 6 Texas Civ. App., 290.

J. S. *Sherrill* and B. Q. *Evans,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This was a suit by appellee, Thomas J. Taylor, to recover from Modern Order of Praetorians, a fraternal benefit corporation, on a benefit certificate in said order. A trial with the aid of a jury resulted in a verdict and judgment for plaintiff in the sum of $250, interest and costs. Defendant's motion for new trial having been overruled, it perfected an appeal to this court.

The plaintiff's petition contained the following allegations: "That on the 20th of October, 1904, defendant issued to plaintiff a certificate of membership in said order as a member of Clio Lodge, No. 128, located at Lane, in Hunt County, Texas, in the sum of $1000, payable to Mrs. Jennette Taylor, plaintiff's wife, which said certificate was countersigned by the Worthy Recorder of Clio Lodge No. 128, to plaintiff, on the 22d day of October, 1904, and on said date plaintiff became and was a member of said lodge and entitled to all the benefits under his said certificate named in the constitution, by-laws and regulations of the order then in force and such as might hereafter be adopted by defendant. Said certificate provides, among other things, that in event of death or disability such proportion or amount as provided by the constitution, one assessment of the membership of the order, but not exceeding $1000, should be paid to beneficiary, or to plaintiff in case of disability." That the "constitution of defendant in force at the time plaintiff became a member and that in force at the time of the accident, injury and disability hereinafter set out, provided that if a worthy Praetorian (meaning a member in good standing in said order) should lose a foot or hand by accident while said certificate was in force, he should receive one-fourth of the amount of his benefit in cash, and the other three-fourths should remain until it became a claim by death or otherwise." The petition then alleges the accident, the permanent loss of his foot, and that he was in good standing at the time.

The certificate offered in evidence contained the following provisions: "That Praetorian Thomas J. Taylor has been regularly admitted as a member of Clio Council No. 128, located at Lane, Texas, and that in accordance with and under the provisions of the constitution and laws of the Supreme Senate of the Modern Order of Praetorians now in force or which may hereafter be adopted, which are made a part of this certificate, he is entitled to all the rights, benefits and privileges of membership therein, and upon his death (or if disability, such a proportionate amount as is provided by the constitution) one assessment on the membership, not exceed-

ing in amount the sum of $1000, will be paid as a benefit to Jennette B. Taylor."

It is contended that there was a variance between the allegations in the petition and the certificate read in evidence, in that the petition alleges a positive obligation, while the certificate on its face contains conditions and provisos on which liability is made to depend. This contention is not sustained. The petition set up the legal effect of the certificate. This was sufficient. 2 Bacon, Ben. Soc. & Life Ins., sec. 454. If the defendant relied on any of the matters set out in the proviso therein to defeat a recovery it was its duty to plead the same.

The constitution of the order provided, under the head of Accident Benefits, that "if a worthy Praetorian lose a foot or hand by accident, he shall receive one-fourth of the amount of his benefit in cash, and the other three-fourths shall remain until it may become a claim by old age, death or otherwise." The court charged the jury that if, "on or about the 13th day of March, 1908, plaintiff's right foot became paralyzed and that he lost the use thereof, and that said total paralysis of said foot (if any) was caused proximately by the accident and injury to his spine (if any injury) received while unloading ties;" and that if they believed he, within ninety days after said total paralysis of his right foot, gave notice in writing that his foot was paralyzed, to find for plaintiff. The giving of this charge is assigned as error. Plaintiff testified to loss of his right foot by paralysis caused by lesion to spinal cord or column. That both the left and right leg were originally paralyzed. That the left leg recovered and he now has the use of it. That the right foot has recovered to the extent he can "wiggle his toes," but not otherwise. That the general symptoms he had of pain and trembling have improved. Dr. French, for plaintiff, testified that he "attributed plaintiff's condition to injury of spinal cord, blood clot on it. The right leg and foot were wholly paralyzed, the left partially. The left leg recovered under treatment; the first signs of recovery of left leg were the motions of it; plaintiff got so he could move his toes. Attributes recovery of left leg to partial absorption of blood clot on spine. If an arm was paralyzed and motion of fingers returned this would indicate blood clot was removed off the nerve. Nature does more than doctors. When blood clot hardens and paralysis ensues recovery is not to be looked for, but patient sometimes recovers. If the arm were paralyzed and partial use was recovered, would look for it to return again. Every little improvement is hopeful. The general symptoms have improved, the acute stage is passed. Thinks the loss of right foot is permanent." Dr. A. J. Smith, for plaintiff, testified: "There was partial paralysis of both legs. Had been treating the patient with electricity, under which treatment the left leg has recovered. Right leg got worse. Total paralysis may recover if not existing too long. Is still treating plaintiff and working on him. If leg or arm is totally paralyzed would regard increase in flesh and strength as first hopeful symptom. If you should be able to move a finger that would be a good sign. If some of plaintiff's muscles and nerves come to life it would be hopeful indication."

Dr. M. M. Smith, for defendant, testified: "That he examined plaintiff twice and found no indications of paralysis of right leg. Does not believe from study of the case and history of the symptoms plaintiff has paralysis of right leg. The twitching or trembling has largely disappeared. From study of case don't think plaintiff has total loss of the leg. I can only understand paralysis in this case from blood clot, and if blood clot disappeared on one side from absorption we would believe it would relieve the pressure on the other, and there would largely be the same condition on the other side. If both legs were paralyzed and under the treatment of physicians one leg gets well and the other one so he could commence to use his toes, that would be a hopeful indication. It would make us think we were going to have something take place on the other side. There are recoveries from total paralysis of a limb. The first indication of improvement on a totally paralyzed limb is when we see the movements take place there, showing there is beginning to be use of the muscles. I don't think he has total loss of the leg."

The question is: What is the meaning of the language of the constitution of the order, "that if a member should lose a foot or hand by accident while said certificate is in force, he should receive one-fourth of the amount of his benefit in cash?" Does this language mean that a recovery can be had for a temporary loss of a hand or foot, or must loss of the member be permanent? We do not think that this language means that there must be a severance of the foot or hand from the body to entitle one to recover. The language "loss of a foot" in common parlance means the loss of the use of that member. It does not mean a temporary loss, but a permanent loss. In our opinion this language of the constitution means a permanent loss of a foot. Shearon v. Pacific Mutual Life Ins. Co., 77 Wis., 618, 20 Am. St. Rep., 151.

The charge of the court authorized a recovery if plaintiff's right foot *is* paralyzed so that he can not *use* the same. This charge can be construed as authorizing a recovery for a temporary loss of the use of a foot, and this is so, although another clause of the charge instructed them that the paralysis must be total. There might be a total paralysis of the foot depriving plaintiff, for the time being, of its use, yet if it did not deprive him of the permanent use of the same he could not recover. The charge of the court was error.

The evidence above set out tends to show, in our opinion, that the plaintiff may recover the use, at least in part, of his foot. The appellant requested a charge which the court refused, seeking to have this phase of the evidence passed upon by the jury. The charge is as follows: "Gentlemen: You are told that in order that plaintiff can recover herein, the loss of his foot must be total and permanent. If you find therefore from the evidence that plaintiff has recovered the use of his foot in whole or part, or if you find that he will in the future recover the use of said foot in whole or part, then you will find for defendant." We do not approve this charge. Had it been given the jury might have concluded that there had been a partial recovery of the use of the foot by reason of appellee's being able to work his toes. Such use of the foot did not come within

the meaning of the language of the constitution of the order. There must be some substantial and practical recovery of a partial use of the road to bring the recovery within the meaning of the contract. It would have been proper to have given a charge along this phase of the evidence.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*