INTERNATIONAL TRAVELERS' ASSOCIATION v. E. A. POWELL.

No. 3150. Decided June 4, 1919.

**1.—Insurance—Venue—Contract—Public Policy.**

A provision in the policies and the by-laws of a mutual assessment insurance company that actions for loss shall be brought only in the county of its domicile is contrary to public policy and can not be maintained. International Travelers Asso. v. Branum, 109 Texas, 543; 212 S. W., 630, followed. (P. 551.)

**2.—Venue—Plea of Privilege.**

A plea by a defendant accident insurance company of privilege to be sued in the county of its domicile, under article 1830, Rev. Stats., must negative the exceptions contained in sections 24 and 29 of such article (Rev. Stats., art. 1903. (Pp. 551, 552.)

**3.—Insurance—Presentation of Claim—Recovery of Greater Amount.**

A provision in the by-laws of a mutual assessment accident insurance company that a member filing proofs of his claims before the expiration of the period of disability waived thereby all right to further benefits, protected the insurer from further payments only after it had discharged the claim presented for an inadequate amount. The unaccepted offer of insured to receive in satisfaction of his demand less than the amount to which he was entitled would not enable the insurer to reduce thereby its true liability. (P. 552.)

Error to the Court of Civil Appeals for the Eighth District, in an appeal from Erath County.

Powell sued the International Travelers' Association, and recovered judgment. Defendant appealed and on affirmance obtained writ of error.

*W. W. Moore* and *Seay & Seay,* for plaintiff in error.

Where, in an application to join a mutual assessment accident association, the member agrees that all suits shall be filed in Dallas County, and where the valid existing by-laws of said association specify that the same shall be brought in Dallas County, Texas, and where the policy provides that suit thereon shall be brought in Dallas County, Texas, it becomes a valid existing contract as to venue between the parties thereto, and it is error for the court to overrule a plea based upon such facts, and require the defendant to go to trial in a county other than Dallas

County.   Int. Trav. Assn. v. Votaw, 197 S. W., 237; Merchants' Recip. Underwriters of Dallas v. First Nat. Bank of Canadian, 192 S. W., 1098.

Where a member of a mutual assessment accident insurance company files his claims and proof of loss and presented his claim from December 30, 1914, to October 28, 1915, indemnity, and filed the same on the 27th day of September, 1915, and where there was in existence a by-law, towit: "any member who shall file a claim with said officers before his total or partial disability ceases, by so filing his claims, waives all rights to additional benefits, and shall not be entitled to recover benefits on account of any additional loss of time than that stated in his said proofs of disability so filed before his total or partial disability, or both total and partial disability, ceases," he is only entitled to recover the amount due as specified in the proofs of claim and up to the time that same was filed.   Clanton v. Trav. Protec. Assn., 74 S. W., 510; Corpus Juris, vol. 1, 517, subsection 361; Trav. Ins. Co. v. Thornton, 46 S. E., 678; Pacific Mutual v. Braham, 70 N. E., 174.

*Robert L. Thompson,* for defendant in error.

The venue of suits filed against mutual assessment accident insurance company is controlled by the general laws of the State of Texas, and is not a subject of contract between the insurance company and the insured, and any provision in the Constitution or by-laws of such insurance association fixing venue of actions brought against such association on contracts of insurance issued by it, exclusively in the county of its principal office, is void.   Vernon's Sayles' Texas Civil Statutes, 1911, art. 4744; Eaton v. International Travelers' Assn., 136 S. W., 817; International Travelers' Assn. v. Branum, 169 S. W., 389.

Where a claim for indemnity for total and partial loss is filed with a mutual assessment accident association by a member thereof, and such claim is not accepted by such association, but payment of indemnity thereunder is rejected, such member is entitled to bring action, and recover all additional benefits accruing to him for continued disability, either total or partial.   Eaton v. International Trav. Assn., 136 S. W., 817; International Travelers' Assn. v. Branum, 169 S. W., 390.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This case involves first whether an insurance company can enforce a provision of its policies and by-laws forbidding the maintenance of suits on its policies elsewhere than in the county of its domicile.

We have this day determined that such a contract stipulation is contrary to public policy, and that notwithstanding the same, plaintiff in error was subject to be sued on one of its policies in any county specified in subdivisions 29 and 24 of article 1830, R. S.   International Travelers' Assn. v. Branum, 109 Texas, 543, 212 S. W., 630.

The plea of privilege in this case did not negative the exceptions contained in subdivisions 29 and 24 of article 1830, and therefore it was properly overruled.   Art. 1903, R. S..

The remaining assignments of error complain of the rendition of judgment against plaintiff in error for the full amount which it promised to pay by the policy sued on, because defendants in error had filed a claim for a lesser amount.

It appears that before the expiration of the full period of disability for which the insured was entitled to indemnity he filed proofs of his claim, notwithstanding one of plaintiff in error's by-laws provided that if a member filed a claim before his disability ceased he waived all right to future benefits.

In our opinion the utmost effect which could be given to this by-law would be to protect plaintiff in error from further payment after it had discharged a claim presented to it for an inadequate amount. If plaintiff in error had paid the claim originally presented, it would be necessary for us to determine the validity of the by-law, in view of the provision of article 4807, R. S., that companies, such as plaintiff in error, become liable for the full amount provided by their policies or certificates on the happening of the contingencies insured against.

It is decisive of this case to hold that we would not regard it as either fair or reasonable to construe the by-law here invoked as intended to enable defendant in error to reduce its true liability by means of a mere unaccepted offer on the part of the insured to receive in satisfaction on his demand less than the amount to which he was entitled.

The judgment of the Court of Civil Appeals is correct, and is affirmed.

*Affirmed.*

Associate Justice Hawkins disqualified and not sitting.