## BULL DOG AUTO FIRE INS. ASS'N v. BROWN. (No. 406.)

(Court of Civil Appeals of Texas. Waco. Oct. 7, 1926.)

**1. Courts ⟨key⟩472(3)—County court has concurrent original jurisdiction with district court over suit for $800 on automobile fire policy (Const. art. 5, § 16; Rev. St. 1925, art. 1950).**

Under Const. art. 5, § 16, and Rev. St. 1925, art. 1950, county court has concurrent original jurisdiction with the district court over suit for $800 on automobile fire policy.

**2. Courts ⟨key⟩472(3)—County court having concurrent original jurisdiction with district court over action on automobile fire policy, provision in policy requiring suit in highest court of original jurisdiction is void (Const. art. 5, § 16; Rev. St. 1925, art. 1950).**

Where amount of automobile fire policy was within concurrent jurisdiction of county and district courts, under Const. art. 5, § 16, and Rev. St. 1925, art. 1950, provision requiring suit to be brought in highest court of original jurisdiction was void as against public policy and did not deprive county court of jurisdiction.

**3. Courts ⟨key⟩23.**

Parties cannot by agreement confer jurisdiction on court not given by statute, or take away jurisdiction conferred by Constitution and statute.

**4. Insurance ⟨key⟩581—Insurer in paying fire loss on automobile can only charge insured with amount paid finance company to discharge note against car as of date of payment, without interest or attorney's fees.**

Under automobile fire policy, payable to finance company to amount of its debt on note against automobile, insurer can charge insured in payment of loss only with amount paid finance company as of date of payment discharging note, and not full amount of note plus interest and attorney fees.

Appeal from Navarro County Court; Warren Hicks, Judge.

Suit by W. S. Brown against the Bull Dog Auto Fire Insurance Association. Judgment for plaintiff, and defendant appeals. Affirmed.

Callicutt & Upchurch, of Corsicana, for appellant.

Davis, Jester & Tarver, of Corsicana, for appellee.

BARCUS, J. This suit was instituted by appellee against appellant seeking to recover $800 on a fire insurance policy. Appellee alleged that appellant had issued to him an insurance policy on his automobile, indemnifying him against loss by fire in the sum of $800, and that his car had been totally destroyed by fire. Appellant, by way of plea in abatement, alleged that appellee was not entitled to prosecute this suit in the county court because of an agreement contained in the insurance contract which provided that:

"No suit or other proceeding in law or in equity shall be begun or maintained for the recovery of any claim upon, under or by virtue of said contract of insurance only in the highest court of original jurisdiction where the cause of action accrues."

Appellant contended that since the amount in litigation was $800 that the suit could have been brought, under the Constitution and statutes, in the district court or in the county court, and that since the district court is the highest court, appellee was compelled by reason of said provision to bring the suit, if at all, in the district court.

By way of cross-action, appellant alleged that the American Motors Finance Company had a note secured by a chattel mortgage on the automobile in question in the sum of $284.25, and that the insurance policy to said extent was payable to said finance company. Appellant alleged that it had taken up said mortgage and note since the automobile had burned, and that it was entitled to recover judgment thereon against appellee for the principal, interest, and 10 per cent. attorney's fees.

The cause was tried to the court and resulted in a judgment being rendered for appellee for the $800, less $236.88, the amount which appellant paid the American Motors

Finance Company on September 16, 1924, in full discharge of the note held by said company and which was secured by a lien on said car and to whom the policy was payable for said amount.

[1, 2] Appellant contends that the trial court committed error in overruling its plea in abatement. We overruled this assignment. The Constitution of this state, section 16, art. 5, as well as article 1950 of the Revised Statutes, gives the county court concurrent original jurisdiction of all suits over $500 and under $1,000. This suit being for $800, the county court had jurisdiction thereof unless the parties by their agreement deprived said court of same. Almost this identical question was involved in International Travelers' Association v. Branum, 109 Tex. 543, 212 S. W. 630, where the insurance company had written in the contract of insurance a provision that a suit on the policy must be brought, if at all, in Dallas county, Tex., said provision being in direct contravention of the statutes with reference to where suits on insurance policies might be brought. Judge Greenwood of the Supreme Court, in writing the opinion, collates the authorities from different courts, and holds that:

"It is utterly against public policy to permit bargaining in this state about depriving courts of jurisdiction, expressly conferred by statute, over particular causes of action and defenses."

[3] He held that said stipulation was therefore void and against public policy. We think the reasoning in said opinion is well applicable to the question here involved, and that parties should not be permitted to enter into contracts that would deprive a court of jurisdiction contrary to our Constitution and statutes. International Travelers' Ass'n v. Powell, 109 Tex. 550, 212 S. W. 931; Commercial Credit Co., Inc., v. Ballard (Tex. Civ., App.) 263 S. W. 1101; Street v. Smith Bros. Grain Co. (Tex. Civ. App.) 255 S. W. 778; C. P. Ray & Co. v. La Rue & Barron Co. (Tex. Civ. App.) 237 S. W. 336. It has always been the holding of our courts that parties cannot by agreement confer jurisdiction on a court where same is not given by the statutes (Wynns & Lawrence v. Underwood, 1 Tex. 48; Pierce v. Foreign Mission Board [Tex. Com. App.] 235 S. W. 552); and we think for the same reasons parties cannot by agreement take away a court's jurisdiction which has been conferred by the Constitution and statutes of this state.

[4] Appellant contends that it was entitled to recover from appellee the full amount of the note which appellee had given to the American Motors Finance Company, plus interest to time of trial and 10 per cent. additional as attorney's fees. We overrule this contention. The insurance policy was payable to said finance company to the amount of its debt, and at the time appellant paid the note the insurance was due and appellant was under obligation to pay said amount to said company, and the only amount it should have been permitted to charge against appellee was the sum allowed by the court, to wit, the amount it paid as of date it paid same to said company.

We have examined all of appellant's assignments of error, and same are overruled.

The judgment of the trial court is affirmed.