BUSINESS MEN'S MUTUAL v. LOCKHART et al.    (No. 2764.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 9, 1927.)

1. Appeal and error ⬅➡672—Proposition requiring reference to statement of facts presents no fundamental error.

Where consideration of proposition requires reference to statement of facts, fundamental error is not presented.

2. Insurance ⬅➡618—Policy stipulation for venue of suit on policy in certain county will not be enforced, though insurer is local mutual aid association (Vernon's Ann. Civ. St. 1925, art. 1995, subds. 23, 28; Rev. St. 1925, art. 4859).

Stipulation in policy that legal proceedings against insurer must be instituted in county of its domicile will not be enforced, in view of Vernon's Ann. Civ. St. 1925, art. 1995, subds. 23, 28, authorizing suit in any county in which cause of action arose or plaintiff resides, though insurer is not a corporation within latter section, but a "local mutual aid association," within Rev. St. 1925, art. 4859.

3. Pleading ⬅➡312—Exhibit made part of petition will be given its legal effect as against conflicting allegations of petition on demurrer.

On demurrer to petition, exhibit attached to and made a part of petition will be given legal effect to which entitled, as against conflicting allegations of petition.

4. Pleading ⬅➡312—Objection for variance between pleading and attached exhibit should not be sustained when latter is offered in evidence.

Objection for variance between petition and exhibit made part thereof should not be sustained when exhibit is offered in evidence, because it is immaterial and cannot mislead complaining party to his prejudice nor surprise him.

5. Insurance ⬅➡648(1)—Evidence of number of members of mutual aid association in insured's class at time of accidental injury held admissible in action on policy.

Where defendant mutual aid association set up stipulation of accident policy for payment of certain sum for each joint membership, and alleged number of members in insured's class at time of her injury, court erred in excluding evidence of number of members therein at that time.

6. Insurance ⬅➡639—Plaintiffs were not required to plead provision of mutual accident policy for payment of certain sum per joint membership at time of injury.

It was not incumbent on plaintiffs to plead, and offer proof under, provision of mutual accident policy sued on for payment of certain sum for each joint membership at time of injury; that being a matter of defense.

7. Insurance ⬅➡527—Insured held entitled to recover for "loss" of use of hand, not entirely severed.

Under policy insuring against loss of one arm, etc., through accidental means, insured could recover for loss of use of one hand, though it was not entirely severed; "loss" not meaning actual physical severance of member, but any injury rendering it useless.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Loss.]

8. Insurance ⬅➡668(13)—Whether insured suffered "loss" of hand not entirely severed held for jury.

Whether insured suffered "loss" of hand not entirely severed held for jury, in action on accident policy.

9. New trial ⬅➡44(3)—Testimony that two jurors favored negative answers to special issues before juror stated opinion that insured would have to reimburse insurance company if her hand got well held to require new trial after verdict for insured.

Jurors' testimony that one of them told jurors that in his opinion, from reading certain accounts in papers, insured would have to reimburse insurance company if her hand, for loss of which suit on policy was brought, got well, and that jurors, two of whom had favored answering special issues in negative, returned contrary verdict shortly afterward, held to require new trial, as showing that at least two jurors were improperly influenced to render verdict for plaintiffs.

10. Trial ⬅➡304—Trial court should condemn and punish juror's practice of communicating information obtained aside from evidence introduced under court's rulings.

Trial court should condemn and punish practice of jurors in communicating to other jurors outside matters and information obtained aside from evidence introduced under court's rulings.

Appeal from Lubbock County Court; Chas. Nordyke, Judge.

Action by Gertrude Lockhart and husband against the Business Men's Mutual. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

J. I. Kilpatrick and Wilson & Randal, all of Lubbock, for appellant.

W. M. Peticolas, Jr., and Lockhart & Garrard, all of Lubbock, for appellees.

HALL, C. J. The appellee, joined by her husband, filed this suit to recover $500 under a joint policy issued by appellant to appellee and her husband, insuring against death and against the loss of one arm, one foot, or sight of one eye through accidental means. She alleged that in an automobile accident her right hand and arm had been totally and permanently disabled and lost.

The appellant filed its plea of privilege to be sued in Tarrant county. The plea was duly controverted by appellees and was over-

ruled by the court. The case was then tried to a jury, and, in response to special issues, the jury found that the injury to Mrs. Lockhart's hand was such an injury that it was totally and permanently disabled for all practical purposes. Based upon this verdict, the court rendered judgment in favor of the plaintiffs in the sum of $500.

[1] The action of the court in overruling appellant's plea of privilege was not assigned as error in the lower court, but is urged here as fundamental error. The consideration of the proposition requires us to refer to the statement of facts, and for that reason fundamental error is not presented, but, since the judgment must be reversed, we deem it advisable to consider the proposition in view of another trial.

[2] The plea of privilege is based upon the following provisions in the articles of agreement and by-laws of the association:

"It is agreed that, should a member move outside of the territory prescribed by a 50-mile radius from the city of Fort Worth, said member shall still be entitled to all the benefits of membership in the association, provided that all dues and assessments are properly paid, and provided that any legal proceedings against the association must still be instituted in Tarrant county, Tex."

The decisions of the Courts of Civil Appeals are not in perfect harmony upon this point, but the Supreme Court, in International Travelers' Association v. Branum, 109 Tex. 543, 212 S. W. 630, and International Travelers' Association v. Powell, 109 Tex. 550, 212 S. W. 931, citing numerous authorities, held that rules to determine in what courts and counties actions may be brought are fixed upon consideration of general convenience and expediency by general law; to allow them to be changed by the agreement of parties would disturb the symmetry of the law and interfere with such convenience, further quoting with approval from Insurance Co. v. Morse, 20 Wall. 451 (22 L. Ed. 365), as follows:

"Every citizen is entitled to resort to all the courts of the country, and to invoke the protection which all the laws or all those courts may afford him. A man may not barter away his life or his freedom, or his substantial rights. * * * He cannot, however, bind himself in advance by an agreement, which may be specifically enforced, thus to forfeit his rights at all times and on all occasions, whenever the case may be presented."

After review of the authorities Judge Greenwood says:

"We are convinced that it is utterly against public policy to permit bargaining in this state about depriving courts of jurisdiction, expressly conferred by statute, over particular causes of action and defenses. Eaton v. International Travelers' Ass'n of Dallas [Tex. Civ. App.] 136 S. W. 817. It follows that the stipulation for exclusive venue in Dallas county will not be enforced, and that the court did not err in overruling the plea asserting the privilege to be sued in that county alone."

Vernon's Annotated Texas Statutes 1925, art. 1995, subd. 23, provides that suits against a private corporation, association, or joint-stock company may be brought in any county in which the cause of action, or a part thereof arose, and subdivision 28, relating to actions to recover upon insurance policies, provides that suits upon such policies may be brought against any life insurance company or accident insurance company, etc., in the county where the home office of such company is located, or in the county where loss has occurred, or where the policy holder or beneficiary instituting such suits reside.

While the appellant in this case is not a corporation, within the meaning of the statute last referred to, and, it would seem from the record before us, is what is denominated "a local mutual aid association" (R. S. 1925, art. 4859), we think it comes clearly within the scope of the rule announced by Judge Greenwood in the Branum Case, and the first proposition is therefore overruled.

The appellant contends under several propositions that the court erred in overruling its general demurrer and several special exceptions urged to the plaintiff's pleadings. These propositions are without merit.

[3, 4] The certificate which forms the basis of the action was attached to and made a part of the petition as an exhibit. The rule is that on demurrer the court will give to the exhibit the legal effect to which it is entitled and such effect will control when the allegations of the petition and the recitations of the instrument in this particular are found to be in conflict. Wineinger v. Farmers' & Stockmens' Loan & Investment Ass'n (Tex. Civ. App.) 278 S. W. 932. It is further held that under such conditions an objection for variance between the exhibit and the pleading should not be sustained when the former is offered in evidence because it is immaterial and cannot mislead the complaining party to his prejudice nor surprise him. Hays v. Samuels, 55 Tex. 560; McClelland v. Smith, 3 Tex. 210; Peters v. Crittenden, 8 Tex. 131; Greenwood v. Anderson, 8 Tex. 225; Beham v. Ghio, 75 Tex. 87, 12 S. W. 996.

[5, 6] The policy sued on provided for the payment of a certain sum for each joint membership at the time of the injury and where death did not result. This provision controls in this case. The defendant set up this stipulation of the policy, alleging that there were only 600 members in the class to which plaintiffs belonged at the time of the injury, and proof by defendant as to the number of members was excluded. It is not incumbent upon plaintiffs to plead this term of the policy and offer proof thereunder, but it was a matter of defense. Having been pleaded by the defendant, the court erred in

excluding evidence to show the number of members actually in that class at the time of the accident. Sup. Council of A. L. of H. v. Anderson, 61 Tex. 296.

[7, 8] Under several propositions, it is insisted that, because Mrs Lockhart's hand was not entirely severed by the accident, the appellees should not have been permitted to recover. Under the provisions of the policy she was entitled to recover for the loss of one hand. As used in the policy, the term "loss" does not mean an actual, physical severance of the member from the body, but any injury which renders the member useless is a "loss" within the meaning of the policy. 1 C. J. 467; Modern Order of Prætorians v. Taylor, 60 Tex. Civ. App. 217, 127 S. W. 260; Eminent Household of Columbian Woodmen v. Hancock (Tex. Civ. App.) 174 S. W. 657. The testimony should have been introduced showing the accident and the effect of the injury. The court should have defined the term "loss" as used in the policy, as above indicated, and then submitted to the jury the issue whether, under the evidence, the appellee Mrs. Lockhart had suffered the loss of her hand as defined.

[9] It is further insisted that the judgment should have been reversed because of the misconduct of the jury. We think this contention is sound. One of the jurors testified that, about 30 minutes after the jury had retired to consider its verdict, there was division of opinion as to appellees' right of recovery; that he told the jurors that, if they did not give Mrs. Lockhart a verdict, she would never have another chance to get one; that he had read accounts in the papers at different times where men had been supposed to be dead, and their wives had collected the money and had been required to repay it to the insurance company when their husbands later showed up; that in his opinion Mrs. Lockhart would have to reimburse the company if her hand got well; that prior to the time he made this statement three of the jurors were in favor of answering the special issues in the affirmative and two in the negative, and that one had said nothing; that about 20 minutes after this conversation the jurors returned their verdict, answering both issues in favor of appellees. One other juror was introduced as a witness upon the hearing of the motion for a new trial and corroborated the first witness. The effect of this testimony is to show that at least two of the jurors were improperly influenced in rendering their verdict in favor of the appellees, and for this reason the motion for a new trial should have been granted. Moore v. Ivey (Tex. Com. App.) 277 S. W. 106; Gulf, C. & S. F. R. Co. v. Harvey (Tex. Com. App.) 278 S. W. 839; Letsinger v. P. & S. F. R. Co. (Tex. Civ. App.) 286 S. W. 1107 and authorities cited.

[10] The practice of jurors in communicating to other members of the jury outside matters and information obtained by them aside from the evidence introduced under the rulings of the court is resulting in numerous reversals, and is a reprehensible practice, which the trial court should condemn and punish.

For the errors pointed out, the judgment is reversed, and the cause is remanded.