## MUTUAL LIFE & LOAN ASS'N OF AMERICA v. SKIDMORE et al.

### No. 7702.

Court of Civil Appeals of Texas. Austin.
April 27, 1932.

Rehearing Denied May 18, 1932.

Tom Whipple, of Waxahachie, for appellant.

Callaway & Callaway, of Brownwood, for appellees.

BLAIR, J.

Appellant issued its insurance policy No. 3048 to Mrs. Rose Wade, agreeing that upon her death it would pay appellee Mrs. Annie Skidmore, as beneficiary named in the policy, the sum of $5 for each member of the class or group known as "Business Men's Special," not to exceed $5,000. Mrs. Wade died, and appellee made proper proof of her death and demanded payment of $5,000 on the policy, which appellant refused to pay, whereupon appellee instituted this suit for recovery on the policy, and on the trial recovered judgment for $5,000, with interest; hence this appeal.

The first assignment of error is that the court erred in overruling appellant's plea of privilege to be sued in Dallas county, where the policy by its terms was made payable. On the trial of the plea of privilege, venue was sustained in Coleman county, under subdivision 28 of article 1995 (Rev. St.), providing that suits on policies of life insurance may be brought in the county where either the policyholder or beneficiary resides.

■ Appellant did not give notice of or appeal from the order overruling its plea of privilege, but merely excepted to the action of the court thereon. On the day the plea of privilege was overruled, appellant proceeded to trial on the merits, and by such acts the following authorities hold that appellant waived any error in overruling the plea of privilege: Ivey v. Mills (Tex. Civ. App.) 261 S. W. 566; Peden Iron Co. v. Milling Co. (Tex. Civ. App.) 251 S. W. 543; Luse v. Grain Co. (Tex. Civ. App.) 241 S. W. 313; Hill v. Brady (Tex. Civ. App.) 231 S. W. 145.

■ But aside from the question of waiver, the provision in the policy, if construed as providing that any action for recovery of the insurance must be brought in Dallas county, which we do not concede, is in contravention of subdivision 28 of article 1995, supra, giving venue to other counties also; and the provision is therefore void as being contrary to the public policy of this state. Int. Travelers' Association v. Branum, 109 Tex. 543, 212 S. W. 630. Or, as is said in the syllabus of International Travelers' Association v. Powell, 109 Tex. 550, 212 S. W. 931, "a provision in the policies and the by-laws of a mutual assessment insurance company that actions for loss shall be brought only in the county of its domicile is contrary to public policy and cannot be maintained."

■ The second assignment of error is that the court erred in refusing to permit D. C. Tabor, appellant's president, to testify as to how many members were in the class or group liable for payment of assessments to be made on the policy in suit. When this witness was offered it was shown by him that appellant's secretary and bookkeeper was Mrs. Kilcourse; that she kept the books and records showing the number of members in the class or group of policyholders involved in this suit. Clearly the books and records were the best evidence, and this is true although witness testified that he took a list of the members from the records, and that he also knew from memory the number of members of the class or group involved in this suit.

■ The third assignment of error is that the court erred in refusing to permit appellant to offer in evidence certified copies of the proceedings had on October 8, 1930, in the county court of Brown county, adjudging Mrs. Rose Wade to be a person of unsound mind. The policy in suit was issued September 29, 1930, and appellant sought to offer the lunacy proceedings as a circumstance showing that Mrs. Wade was of unsound mind when she made application for the insurance on September 26, 1930. Witnesses testified fully as to the lunacy proceedings, and the results thereof. The proceedings offered show nothing that the witnesses had not testified to, and if it was error to exclude the certified lunacy proceedings, the error was harmless.

■ The bill of exception does not show what the testimony supposed to have been given in the lunacy proceeding was, and the portion of the assignment of error complaining of its exclusion cannot be passed upon. As original evidence the evidence given in the lunacy proceeding was not admissible in this case. It could have only been used as impeaching evidence, and no proper predicate was laid for such evidence.

■ The fourth assignment of error is that the court erred in excluding the ex parte affidavit of Dr. H. B. Allen, dated at Brownwood, Tex., October 29, 1930, relating to his treatment of Mrs. Wade for certain diseases, prior to the date of her application for this insurance. The ex parte affidavit was properly excluded. It had no connection with the application for insurance, nor with any proofs of death, but was given ex parte to appellant. Ex parte affidavits are not admissible as original evidence. If appellant wanted the evidence of Dr. Allen, it should have produced him as a witness, or should have taken his deposition, thereby giving appellee an opportunity to cross-examine him.

The fifth assignment of error complains that several answers of the jury to special issues submitted are not supported by any evidence. We have carefully read the statement of facts, and find that each finding of the jury is supported by the evidence.

We have carefully examined all assignments urged by appellant, and find that none of them presents error requiring a reversal of the judgment, and it is affirmed.

Affirmed.