# CITIZENS' MUT. LIFE ASS'N v. KENNEDY.

## No. 12772.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 28, 1933.

Tom Whipple, of Waxahachie, for appellant.

Willis & West, of Dallas, for appellee.

DUNKLIN, Justice.

The Citizens' Mutual Life Association of Waxahachie, Tex., has prosecuted this appeal from a judgment rendered in favor of L. H. Kennedy on two policies of insurance issued to him in the sum of $600, each, aggregating $1,200.

Each policy contained this stipulation: "The Citizens' Mutual Life Association further agrees to pay fifty cents ($.50) from each member that is in good standing in this class not to exceed six hundred ($600.00) dollars for permanent and total loss of an eye, hand or foot, provided benefits for loss under this provision shall never exceed eleven hundred ($1,100.00) dollars."

The suit was based on allegations that plaintiff had sustained a total loss of his left hand, and the judgment rendered was upon a finding of the jury sustaining that allegation.

The principal contention presented here by different assignments of error is that the evidence was insufficient as a conclusion of law, to prove that the plaintiff had sustained a total loss of his hand. The evidence shows that four fingers of plaintiff's left hand were so injured by the accidental discharge of a gun that they had to be amputated. A diagram of the hand appearing in the statement of facts shows that, after the accident, the index finger was amputated just below the knuckle which joins that finger to the palm of the hand, and the other three fingers just above the knuckles which joined the fingers to the palm of the hand.

Plaintiff was a farmer by occupation, and according to his testimony his left hand is now wholly useless in the performance of his work as such farmer and of any other work, although he testified that he could pick up some light object, like a pair of glasses or a piece of paper, by gripping the same between his thumb and the remaining stub of his hand. And his testimony to that effect was corroborated by that of his wife and also by Dr. M. L. Holland, the surgeon who amputated his fingers and treated him for some time thereafter; and also by the exhibition of his hand itself to the jury. A diagram showing the anatomy of the left hand with lines drawn across the same to indicate the line of amputation of plaintiff's hand was introduced in evidence and appears in the statement of facts.

Kemper v. Police & Firemen's Ins. Ass'n (Tex. Com. App.) 44 S.W.(2d) 978, 979, was a suit by Mrs. Thekla Kemper, surviving wife of Wm. H. Kemper, deceased, to recover $2,000 on an insurance policy issued by the Police & Firemen's Ins. Association to Wm. H. Kemper, in which it was agreed that that amount should be payable to his widow in the event he should receive bodily injuries through accidental means resulting in his death, with this provision: "A. For loss of life $2,000.00 * * * And provided further that the above Benefits for loss of life shall be payable only in the event that the disability resulting from said injury shall be total and immediate and shall be continuous from the time of the injury to the time of the death of said member."

It appears that Wm. H. Kemper was captain in the city fire department in the city of San Antonio, and, while attempting to extinguish a fire in a drug store, he inhaled gases and fumes arising from chemicals used in fighting the fire and drugs stored in the building, and as a result thereof he became sick while fighting the fire and vomited and had pains in his chest and throat, and continued sick from the time of the fire to the time of his death, which occurred 20 days later. However, the evidence showed that, after the fire, he returned to his post of duty as a fireman, and remained in the performance of the same as best he could, although suffering from pain for some 12 or 13 days, at the termination of which time he was sent to a hospital where he died, from the effects of the gases, about one week later. A judgment in favor of plaintiff in that case was affirmed by the Supreme Court, overruling the contention made by the defendant company that the evidence failed to show that the disability of Wm. H. Kemper resulting from the injury was "total and immediate, and shall be continuous from the time of the injury to the time of death of such member," within the meaning of the provision of the policy above quoted. The opinion of Justice Critz in that case shows a careful review of prior decisions touching on that point. It is pointed out that, while the policy of insurance was a contract which must be construed in the light of the facts as any other contract, yet it is the duty of the court to in-

267

terpret it as strictly as its language will reasonably permit against the insurer, and the following is quoted from the opinion:

"We think further that it is impossible to lay down an iron-bound rule by which it can always be accurately determined from a given state of facts, whether a person has been totally disabled from the time of injury until the time of death within the meaning of this contract. We do hold, however, that as a general rule it can be said that a person is totally disabled from the time of injury until the time of death when during all such time his condition is such that common prudence, and the exercise of ordinary care, would require him to desist from the performance of his duties. [Citing cases.]

"In Texas Employers' Ins. Ass'n v. Brock, supra [36 S.W.(2d) 704], Section B of the Commission [of Appeals] had before it a case involving the term 'total incapacity,' as used in the Texas Workmen's Compensation Law, article 8306, R. C. S. The trial court defined the term as follows: 'In answering the foregoing issue you are charged that the term "total incapacity," as used in the Workmen's Compensation Act, does not imply an absolute disability to perform any kind of labor, but a person disqualified from performing the usual task of a workman in such a way as to enable him to procure and retain employment is regarded as total incapacity.'"

See, also, Winters Mutual Aid Ass'n v. Reddin (Tex. Com. App.) 49 S.W.(2d) 1095, and authorities there cited, including Commonwealth Bonding & Casualty Ins. Co. v. Bryant, 113 Tex. 21, 240 S. W. 893.

We conclude that the reasons upon which those decisions are based apply with equal force to the loss of a hand.

The policy did not stipulate that compensation should be paid for the loss of a hand in the event it should be severed from the arm. The stipulation for indemnity for the loss of a hand should be construed as referable to its usefulness, and, if its use was destroyed for all substantial and practical purposes, the condition for the payment of the indemnity was fulfilled. Modern Order of Praetorians v. Taylor, 60 Tex. Civ. App. 217, 127 S. W. 260, and authorities there cited; Brotherhood of Railroad Trainmen v. Britton (Tex. Civ. App.) 292 S. W. 286; Business Men's Mutual v. Lockhart (Tex. Civ. App.) 291 S. W. 658; Life & Casualty Co. of Tennessee v. Peacock, 220 Ala. 104, 124 So. 229; Cooley's Briefs on Insurance, vol. 8 (2d Ed.) Supplement, p. 5574 (par. b) bottom page 803, and decisions there cited; Ozark Mutual Life Ass'n v. Winchester, 116 Okl. 116, 243 P. 735; Moore v. Ætna Life Ins. Co., 75 Or. 47, 146 P. 151, L. R. A. 1915D, 264, Ann. Cas. 1917B, 1005.

The following is quoted from the opinion in Hoffman v. Ætna Fire Ins. Co., 32 N. Y. 405, 88 Am. Dec. 337:

" 'All words,' says Lord Bacon, 'whether they be in deeds, or statutes, or otherwise, if they be general, and not express and precise, shall be restrained unto the fitness of the matter and the person.' (Bacon's Law Maxims, Reg., 10.) * * *

"It is a rule of law, as well as of ethics, that where the language of a promisor may be understood in more senses than one, it is to be interpreted in the sense in which he had reason to suppose it was understood by the promisee. (Potter v. Ontario & L. M. Ins. Co., 5 Hill [N. Y.] 149; Barlow v. Scott, 24 N. Y. 40). It is also a familiar rule of law, that if it be left in doubt, in view of the general tenor of the instrument and the relations of the contracting parties, whether given words were used in an enlarged or a restricted sense, other things being equal, that construction should be adopted which is most beneficial to the promisee. (Coke's Litt., 183; Bacon's Law Maxims, Reg., 3; Doe v. Dixon, 9 East. 16; Marvin v. Stone, 2 Cow. [N. Y.] 806.)"

Complaint is made of the following instruction to the jury on the ground that it was incorrect as a proposition of law and was in the nature of a general charge: "Total loss of a hand, within the meaning of the insurance certificate sued on, means that so much of the hand must be lost as will render the remaining part of it of no material or practical use or benefit."

That instruction was substantially to the same effect as the one approved in Texas Employers' Ins. Ass'n v. Brock (Tex. Com. App.) 36 S.W.(2d) 704, cited in Kemper v. Firemen's Ins. Ass'n, supra. And it was required under the rule announced in Washington Fidelity Nat. Ins. Co. v. Williams (Tex. Com. App.) 49 S.W.(2d) 1093.

Dr. Holland, a witness for plaintiff, fully qualified as an expert by showing that he had had long experience as a surgeon. He was then interrogated by the defendant's counsel at length as to the effect of plaintiff's injury and also concerning the report he made to the defendant concerning the injury after he had treated him, which included the following question and his answer: "Do you consider his hand as being totally and permanently off? Answer: Yes."

Plaintiff's counsel then on redirect examination elicited from the witness this answer: "I meant that his hand was totally and permanently off as far as gripping a plow handle was concerned, as far as chopping cotton with that hand and as far as carrying a bucket of water with it."

To that answer defendant's counsel interposed a general objection without specify-

268

ing any particular ground therefor, and which objection was overruled. We believe it clear that there is no merit in the assignment of error presented to that ruling.

For the reasons indicated, all assignments of error are overruled, and the judgment of the trial court is affirmed.