Tony Molnor *v.* Commercial Casualty Insurance Company

(No. 7583)

Submitted October 31, 1933.   Decided December 5, 1933.

*Ira J. Partlow* and *Christie & Christie,* for plaintiff in error.
*Harman & Howard,* for defendant in error.

Litz, Judge:

Plaintiff complains of judgment entered upon a directed verdict in favor of defendant.

The action is based upon a provision in an accident-health insurance policy stipulating for payment to the insured of $500.00 for ''permanent loss of the entire use of both hands, or both feet, or one hand and one foot,'' caused by illness.

Plaintiff suffered a paralytic stroke while the policy was in effect resulting, admittedly, in permanent loss of the entire use of his right hand and the greatly impaired use of his right foot.  The issue, therefore, is whether he has lost the

entire use of his right foot within the meaning of the policy. He has no sensation in his right leg or foot and can walk only with the aid of a cane by dragging the limb which serves merely as a partial support.

Plaintiff contends that the provision in question should be liberally interpreted, in his favor, by holding that the loss of the practical use of a hand and foot entitles him to its benefit. Defendant, on the other hand, insists that the provision must be literally construed, and that, so construed, an affirmance of the trial court necessarily follows.

We have adopted a liberal construction, favorable to the insured, of general disability clauses. "A disability clause in a life insurance policy entitling the insured to benefits if he 'shall become totally and permanently disabled, either physically or mentally, from any cause whatsoever, to such an extent that he (or she) is rendered wholly, continuously and permanently unable to engage in any occupation, or perform any work for any kind of compensation of financial value during the remainder of his (or her) lifetime' does not mean a state of absolute helplessness, but means the inability of the insured to engage in practical manner in useful work, whether in his accustomed vocation or another. Total disability is a relative term. Each case must be considered on its own facts." *Hayes* v. *The Prudential Ins. Co. of America*, (W. Va.) 171 S. E. 824, decided at this term. In the opinion written by Judge Haymond Maxwell, it is stated: "Absolute helplessness is not deemed by the courts to be a condition precedent to the right of an insured to recover under a total and permanent disability clause. According to many cases, recovery may be had by an insured where, because of injury or illness, he has become unable to do substantially all the material acts necessary to the conduct or prosecution of his business or occupation in substantially his usual and customary manner. *McCutchen* v. *Life Ins. Co.*, (S. C.) 151 S. E. 67; *Berry* v. *Life & Accident Ins. Co.*, (S. C.) 113 S. E. 141; *Industrial Mut. Indemnity Co.* v. *Hawkins*, (Ark.) 127 S. W. 457; *Brown* v. *Life Ins. Co.*, (S. C.) 134 S. E. 224; *Marchant* v. *N. Y. Life Ins. Co.*, (Ga.) 155 S. E. 221; *Hurley* v. *Bankers' Life Ins. Co.*, (Iowa) 199 N. W. 343, 37 A. L. R. 146, and note; *Foglesong* v. *Brotherhood*, (Mo. App.) 97 S. W. 240.''

This doctrine is also enunciated in *Cody* v. *John Hancock Life Ins. Co.*, 111 W. Va. 518, 163 S. E. 4, and *Hetzel* v. *Pacific Mutual Life Ins. Co.*, 108 W. Va. 22, 150 S. E. 385. The same principle, by analogy, should be applied in the interpretation of provisions indemnifying an insured for the loss of members of the body or the use thereof.

In *Johnson* v. *Inter-Southern Life Ins. Co.*, 50 S. W. (2d) 16, the Court of Appeals of Kentucky held that the "irrevocable loss" of sight, provided for in an accident-health insurance policy, meant the irrevocable loss of the *practical use* of the eyes. In *Tracy* v. *Insurance Co.*, 109 A. 490, 494, 9 A. L. R. 521, the Supreme Judicial Court of Maine held that "the entire loss of sight" as applied to an accident-health insurance policy should be given a practical interpretation. In the opinion of the case it is stated: "The meaning of the word 'entire' should be determined in the light of the purpose and intent of the policy; why the plaintiff bought it; and with a construction most favorable to him. * * * The eye has earning capacity as well as the hand. To indemnify the complete loss of the sight of the eye *as an earning factor* was undoubtedly one of the controlling reasons for taking the policy." *Mark Mfg. Co.* v. *Industrial Commission of Illinois*, 122 N. E. 84, involved the claim of an employee for compensation under a provision of the state compensation act for "the loss of a hand or the permanent and complete loss of its use." He had sustained injury to his hand, necessitating the amputation of the second, third and fourth fingers, and causing stiffness of the index finger and stiffness and disfigurement of the palm. He could use his thumb with his index finger and the stump of the second finger to pick up small articles, to dress himself, and do other similar acts. He was compelled, after the injury, to accept work less remunerative than his former employment, which he accomplished by the use of a scoop held in his uninjured hand and attached to the other arm by means of an appliance. The court, in approving an allowance of compensation in the case, said: "The fact that by the use of a mechanical appliance or some substitute for the hand the defendant in error is able to perform manual labor to some extent, is not inconsistent with the complete loss of the use of his hand for *practical* work. The incapacity of

use need not be tantamount to an actual severance of the hand; it is enough that the normal use * * * has been taken entirely away.''

In *In re Meley,* 106 N. E. 559, the supreme judicial court of Massachusetts, construing a compensation act providing compensation for an injury rendering a hand, foot, thumb, finger or toe "incapable of use", said: ''The incapacity of use need not be tantamount to an actual severance of the hand; it is enough that the normal use of the hand has been taken away.'' The Massachusetts court made a similar ruling in the (subsequent) case of *Floccher* v. *Deposit Company,* 108 N. E. 1032. ''It is for the jury to determine whether a total loss of three fingers and an injury to the remaining finger and thumb which materially interferes with their use, and the cutting away of a part of the palm of the hand, constitutes a total loss within the meaning of a by-law of a mutual benefit association, which provides an indemnity for any member in good standing suffering by means of physical separation, the loss of a hand at or above the wrist joint.'' *Beber* v. *Brotherhood of Railroad Trainmen,* 106 N. W. (Neb.) 168. ''It is for the jury to determine whether a total loss of three fingers and a part of another on the same hand, destruction of the joint of the thumb, and a cutting of the bone, is a loss of the hand, 'causing immediate, continuous, and total disability' within the meaning of'' an accident insurance policy. *Lord* v. *American Mut. Acc. Ass'n.,* 61 N. W. (Wis.) 293. In *Citizens' Mutual Life Ass'n.* v. *Kennedy,* 57 S. W. (2d) 265, the Court of Civil Appeals of Texas permitted a recovery for an accident necessitating the amputation of four fingers below the knuckles, under a policy indemnifying the insured for the ''loss of a hand'', saying: ''The stipulation for indemnity for the loss of a hand should be construed as referable to its usefulness, and, if its use was destroyed for all substantial and practical purposes, the condition for the payment of the indemnity was fulfilled.'' In *Winters' Mutual Aid Ass'n., etc.* v. *Reddin,* 31 S. W. (2d) 1103, the Texas court also affirmed a judgment for plaintiff below for disability, due to fallen arches, under a mutual aid policy providing for the payment of benefits for the ''loss of both eyes, both hands, both feet, or any two'' of them. Reddin had been earning his living as

a barber and farmer. He could remain on his feet "a few hours" at a time, but was able to work only "a little while" without tiring. In the opinion of the case, it is stated: "Although insured may be able to make some use of his feet, *if he has practically lost their use to the extent required to enable him to follow the occupation of a barber,* he brings himself within the meaning of the term 'loss of two feet'." *Life & Casualty Ins. Co. of Tennessee* v. *Peacock,* 124 So. 229 (Ala.), involved a disability clause providing that the loss "by severance of both hands, or both feet, or one hand and one foot", or the permanent loss of the sight of both eyes, should constitute total and permanent disability within the meaning of the policy. The insured sustained an injury necessitating the amputation of her left foot and the toes of her right foot. By the use of an artificial left foot and a brace in her right shoe, she could walk without the aid of a crutch or cane. The court. in affirming a judgment in her favor, said: "Where the policy insures against the loss of a member, or the loss of an entire member, the word 'loss' should be construed to mean the destruction of the usefulness of that member, for the purpose to which. in its normal condition, it is susceptible to application. in the absence of more specific definition."

In the light of the foregoing authorities and the rule of liberal interpretation in favor of the insured, we are of opinion that the issue should have been decided by the jury.

The judgment, therefore, is reversed, the verdict set aside, and a new trial granted.

*Reversed and remanded.*