MARY S. WHITE *v.* AETNA LIFE INSURANCE COMPANY

(No. 8257)

Submitted February 25, 1936. Decided March 17, 1936.

*J. Brooks Lawson* and *E. A. Hansbarger,* for plaintiff in error.

*Fitzpatrick, Brown & Davis,* for defendant in error.

WOODS, JUDGE:

This is an action to recover benefits alleged to be due under a permanent total disability provision, attached to and made part of a certain $3,000.00 life contract, the pertinent portion of which reads: "If, before default in payment of premium, the insured becomes totally and permanently disabled by bodily injuries or disease and is thereby prevented from performing any work or conducting any business for compensation or profit, the following benefits will be available," etc. Judgment was rendered for the plaintiff before a justice of Mingo County. Upon an appeal the circuit court, after introduction of the plaintiff's evidence, directed a verdict for defendant. Plaintiff brings error.

The policy was taken out in March, 1925. From the application which formed a part thereof, it appears that the applicant was then forty-two years of age; that she had been married for twenty-one years; and that she was then employed as postmaster of Matewan. Insured had prepared herself for teaching, and did teach a number of years prior to her marriage. Immediately preceding November 17, 1933, she had taught two terms of school, and was in her third term. The board, upon complaint from patrons, requested insured to have her hearing examined, and upon receipt of an unfavorable report, requested her resignation. In September, 1934, Dr. Leach said she had 2/20 hearing in each ear. Insured testified that she could not hear a telephone ring, a knock at the door, or voices in the dark; that she had to watch the lips to hear at all. She knows of no other disability, except nervousness due to impaired hearing. While expressing a willingness to teach if the board would hire her, she does not state that she has applied for other jobs of teaching. She also says that she might work in a store if someone would employ her.

It is contended that the insured is entitled, under the quoted provision, to recover upon a showing that she could not engage in the work she was following at the time she became disabled, to-wit, school teaching, and

that the evidence adduced was sufficient to carry the question of disability on that theory to the jury. A number of cases, including *Molnor* v. *Commercial Casualty Insurance Co.*, 114 W. Va. 402, 171 S. E. 894; and *Cardwell* v. *Employers' Liability Assurance Corp.*, 105 W. Va. 197, 141 S. E. 789, are cited in support of the generally recognized proposition that whether a person is "totally and permanently" disabled is ordinarily a matter for the jury; and *Hetzel* v. *Pacific Mutual Life Ins. Co.*, 108 W. Va. 22, 150 S. E. 385; *Cody* v. *John Hancock Life Ins. Co.*, 111 W. Va. 518, 163 S. E. 4, 86 A. L. R. 354; and *Jones* v. *Connecticut General Life Ins. Co.*, 114 W. Va. 651, 173 S. E. 259, to the effect that the quoted phrase does not mean a state of absolute helplessness, but the inability of insured to engage in a practical manner in useful work, or to do substantially all the material acts necessary to the prosecution of any occupation in substantially the customary usual manner.

It is apparent that the correctness of the trial court's ruling is dependent upon the scope of the expression "prevented from performing any work or conducting any business for compensation or profit." This clause seems to us to be self-explanatory. It cannot, in view of the language used, be limited to a particular occupation. *Jones* v. *Connecticut General Life Ins. Co., supra.* While the cases relied on by the plaintiff all recognize that a contract of insurance must be construed liberally in favor of the insured, the courts are not warranted in substituting other terms for those that the parties have seen fit to adopt. The policy under consideration is not an occupational one, as was the case in *Hetzel* v. *Pacific Mutual Life Ins. Co., supra.*

The evidence adduced fails to show that the plaintiff has been unable, on account of impaired hearing, to obtain other employment for which she might be fitted. In fact, she admits that she has not attempted to secure employment. So, under the terms of the policy declared on, we must hold that plaintiff failed to make out a case for the jury, and that the trial court should be affirmed.

*Affirmed.*